In the Matter of WILLIAM ALOE et al., Copartners Doing Business under the Name of WILLIAM ALOE COAL COMPANY, Respondents, against CLARENCE E. DASSLER, as Building Inspector of the City of New Rochelle, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, the building inspector of the City of New Rochelle, appeals from a final order which directs him to issue to respondents a permit for the erection of a gasoline filling station on premises zoned for business use. The order was entered pursuant to a determination at Special Term that certain provisions of the Zoning Ordinance of the City of New Rochelle constitute an illegal delegation by the city council of its legislative powers. Those provisions permit premises in a business district to be used for a gasoline filling station "if approved by the Board of Appeals" and provide that the board of appeals may permit such a use "after public notice and hearing, and after taking into consideration the public health, safety and general welfare, and subject to appropriate conditions and safeguards." The ordinance further requires that the determination of the board to vary the application of the zoning regulations shall be in conformity with their general purpose and intent. It is evidently intended by the latter provision to refer to the statement of purpose and intent contained in subdivisions 24 and 25 of section 20 of the General City Law. Order reversed on the law, with $50 costs and disbursements, and respondents' petition dismissed, without costs. The provisions of the zoning ordinance under review confer no power on the board of appeals which may not be lawfully delegated to an administrative body. Standards are provided which, though stated in general terms are capable of a reasonable application and are sufficient to limit and define the board's discretionary powers. (Cf. *People ex rel. Beinert* v. *Miller*, 188 App. Div. 113; *Matter of Thomas* v. *Board of Standards &*

*Appeals,* 263 App. Div. 352; *Matter of Eckerman* v. *Murdock,* 276 App. Div. 927; *Noyes* v. *Erie & Wyoming Farmers Co-op. Corp.,* 281 N. Y. 187; *Matter of Trustees of Vil. of Saratoga Springs* v. *Saratoga Gas, Elec. Light & Power Co.,* 191 N. Y. 123; *People ex rel. Doscher* v. *Sisson,* 222 N. Y. 387; *Matter of Olp* v. *Town of Brighton,* 173 Misc. 1079, affd. 262 App. Div. 944, and *Opp Cotton Mills* v. *Administrator,* 312 U. S. 126, 145.) *Matter of Davison* v. *Flanagan* (273 App. Div. 870) and *Matter of Little* v. *Young* (274 App. Div. 1005) do not require a contrary determination. The ordinances under consideration in those cases provided no standards by which action by the administrative boards was to be governed. Moreover, if the provision of the zoning ordinance delegating authority to the board of appeals were invalid, it would not follow that respondents would be entitled to the permit directed to be issued, as a matter of right. In our opinion, the city council did not intend to provide for the maintenance of a gasoline filling station, in a business district, as a use in harmony with the public safety and general welfare and the general scope and plan of the zoning ordinance, except on approval by the board of appeals and subject to appropriate conditions and safeguards as imposed by that body. If we were to exscind from the ordinance the provisions providing for the approval of such a use by the board of appeals we would be required also to exscind the provision, coupled therewith, that such a use may be permitted in a business district. (Cf. *Brous* v. *Town of Hempstead,* 272 App. Div. 31.) Nolan, P. J., Johnston, Adel and Sneed, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: The Zoning Ordinance of the City of New Rochelle divides that city, for purposes of zoning, into eight districts, six of which are classified as residence districts, one as business (District C) and one as industry (District M) (art. II, § 1). Under the letter of its provisions, no building or premises may be used as a public automobile filling station in any of the residence districts (arts. III, IV, V, V-A, VI and VII); or in the industry district, "except if approved by the board of appeals as hereinafter provided" (art. IX, § 1, subd. 65). It permits such use in the business district "if approved by the Board of Appeals as hereinafter provided" (art. VIII, § 2, subd. [c]); however, it also states that "All uses excluded from an industrial district" are prohibited in the business district (art. VIII, § 1, subd. 18). These provisions permitting the use, on the one hand, and prohibiting it, on the other, despite the similarity that in each case there is appended a proviso as to approval by the board of appeals, are inconsistent in that there is conflict in expression as to the main purpose, that is, whether the use is generally permissible or prohibited (treating the matter of the board's approval as an exception or condition). If the zoning ordinance is read to mean that basically the use is prohibited in the business district, and it would follow that it would likewise be prohibited in the industry district, there would be no place at all in the entire city where such use would be lawful primarily. Further, if the provision permitting the use in the business district must be exscinded as inseparably coupled with the condition for approval by the board (in the event that such condition be declared invalid as an illegal delegation of legislative power), the use would be illegal in the entire city, not merely conditionally but absolutely (except possibly in the industry district or upon the granting of a variance). Such result would be absurd and undoubtedly the ordinance would not pass the test of reasonableness. (See Rathkopf on Law of Zoning and Planning [2d ed.], § 6.) Zoning ordinances, being in derogation of common-law rights, should

be strictly construed against stated restrictions (Rathkopf on Law of Zoning and Planning, § 2, p. 20 *et seq.*). Guided by that rule, I read the ordinance to the effect that it was not intended that the provisions of subdivision 18 of section 1 of article VIII, incorporate any of the specific exclusions contained in article IX, which embraced uses expressly considered in article VIII, and that the questioned use is authorized in the business district and that it was the intention of the enactors of the ordinance, in restating the principle that unconstitutionality of one provision shall not affect other provisions (art. VIII, § 5), that invalidity of the provision with respect to approval by the board shall not affect the stated authorization. Addressing myself now to the provision which purports to condition the use upon approval by the board, I think it is an attempt unlawfully to delegate legislative power without proper accompanying rules or standards for guidance. The power of the city to enact the ordinance stems from subdivision 25 of section 20 of the General City Law, which states that such "regulations shall be designed to promote the public health, safety and general welfare and shall be made with reasonable consideration, among other things, to the character of the district, its peculiar suitability for particular uses, the conservation of property values and the direction of building development, in accord with a well-considered plan." It is manifest that this is a broad statement of policy pronounced by the State Legislature, directed to municipal legislative bodies. Not being directed to administrative agencies, no expression for guidance of such agencies was requisite. (See *Green Point Sav. Bank* v. *Zoning Appeals Bd.*, 281 N. Y. 534, and *Matter of Olp* v. *Town of Brighton*, 173 Misc. 1079, affd. 262 App. Div. 944.) The provision in the zoning ordinance that "The Board of Appeals may in a specific case after public notice and hearing, and after taking into consideration the public health, safety and general welfare and subject to appropriate conditions and safeguards, determine or vary the application of the regulations herein established, in harmony with their general purpose and intent" (art. XI, § 4) is no more definitive. With respect to a similar provision in another jurisdiction, which was there held to be an illegal delegation of power, it was held: "There is no comprehensive plan prescribed and no assurance of uniformity of operation. Applicants of the same class and standing are not informed as to the conditions governing the grant of a certificate of approval. The discretion imposed in the board is so wide that it is indefinable." (*Keating* v. *Patterson*, 132 Conn. 210, 216–217.) It is not that it is not practicable to employ more definitive language. If that were so, there would be no need for the existence of the rule which conditions the granting of a variance on a finding of "practical difficulties or unnecessary hardship." (See *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71.)