William R. Roy, J.
This is a motion pursuant to article 78 of the CPLR whereby the petitioner, Gerald W. Bashant, seeks a judgment of this court: (a) annulling respondents’ .determination denying petitioner a permit to locate a house trailer upon petitioner’s real property in the Town of Remsen, County of Oneida, State of New York; (b) directing respondents to forthwith issue a house trailer permit to petitioner; and (c) for such other and further relief as to this court may seem just and proper.
The respondents are the Town Clerk of the Town of Remsen and those members constituting the Town Board of the Town of Remsen, New York.
T1" - petition sets forth facts which are not disputed in the ansu ring ;.rffidavits of the respondents. The petitioner at all times appropriate to this proceeding was and still is the owner *65 of certain real property located in the Town of Eemsen, New York, and in July, 1973 made application pursuant to the provisions of the Mobile Home Ordinance for a permit to enable him to place a house trailer upon the real property owned by him. On October 3, 1973, respondents, by their duly authorized agent and employee, advised petitioner by a letter that petitioner’s application was denied and returned to him a copy of the application of July, 1973. Neither the letter denying petitioner’s application nor the application returned to petitioner contained any reason for the denial.
In 1968 or 1969 the Town of Eemsen, by action of its Town Board, passed an ordinance entitled “ An Ordinance Eegulating Mobile Homes, House Trailers and Mobile Home Parks and/or Trailer Camps ” (herein referred to as the Mobile Home Ordinance). The Mobile Home Ordinance provided in section 2 thereof as follows: “ No person or persons being the owner or co-occupant of any land or premises within the Town of Eemsen shall use or permit the use of such premises for the parking, storage, or other location of a mobile home or house trailer unless such trailer shall have been registered with the Town Clerk of the Town of Eemsen, and a permit obtained as hereinafter provided ”.
The Mobile Home Ordinance further provided, also in section 2 thereof, as follows: ‘ ‘ The applicant shall further provide evidence that the proposed construction will not be injurious or detrimental to the neighborhood involved by (a) supplying evidence in the form of a petition signed by the property owners from both sides of the road or street or right-of-way, -within 1,000 feet of the trailer in question in each direction, showing approval by at least a majority, and approval of at least a majority of the abutting property owners. That such approval of at least the majority of the abutting owners and property owners must set forth that the proposed construction will not, in the area selected, be in any way hazardous to the potential occupants, and that the project will in fact be in keeping with the spirit of this Ordinance and the land use in the area in question ”.
It is alleged in the moving papers and admitted in the answering affidavits that denial of petitioner’s application was predicated upon petitioner’s inability to secure consents from a sufficient number of property owners as required by the Mobile Home Ordinance as a condition to approval of his application.
Petitioner claims that the consent requirement contained in the ordinance is unconstitutional, illegal, and invalid in that the *66 requirements for such consent do not hear a substantial relation to the public health, safety, morals or general welfare and deprive petitioner of his rights as a land owner without due process of law, all in violation of the due process provisions of the Constitutions of both the United States of America and the State of New York.
With the exception of the consents referred to herein, petitioner has complied with each and every other requirement which is a condition to approval by respondents of petitioner’s application for a permit.
Respondents in their answer to the petition allege affirmatively that the reason for the denial of the permit was petitioner’s failure to obtain the necessary consents mandated by the Mobile Home Ordinance. "Respondents did not specifically notify the petitioner of the reason for the denial, claiming that petitioner was fully aware that he had not obtained the required number of consents and that the denial of his application would naturally follow.
Respondents also affirmatively claim that the petition before this court is improper and invalid for the reason that it does not raise a proper question pursuant to CPLR 7803 and that in particular petitioner is attempting to attack the constitutionality of the ordinance through the form of an article 78 proceeding.
Article 78 proceedings in the nature of certiorari or mandamus are designed to review administrative, not legislative, conduct. Accordingly, the refusal of the legislative body of a town, such as a Town Board, to amend a zoning ordinance, is not reviewable by the courts in article 78 proceedings, nor should the validity of a zoning ordinance or amendment be tested in proceedings in the nature of a certiorari to review the legislative conduct of such a body. (Matter of Paliotto v. Cohalan, 8 N Y 2d 1065.) However, where a petition in an article 78 proceeding includes facts which frame an issue more appropriately decided in an action for a declaratory judgment, the court need not dismiss the action, but may regard the proceedings as an action for a declaratory judgment.
Subdivision (c) of CPLR 103 gives the courts the power to treat an article 78 proceeding as an action for a declaratory judgment. This power is conditioned on the courts having jurisdiction over the necessary parties. (Matter of Overhill Bldg. Co. v. Delany, 28 N Y 2d 449.)
This proceeding was not brought in the proper form, but it is a civil judicial proceeding with all necessary parties before the court, and will be treated by this court as an action for a declara *67 tory judgment which is unquestionably the proper method to test the validity of the applicable subsection of the Mobile Home Ordinance of the Town of Remsen. (Matter of Lakeland Water Dist. v. Onondaga County Water Auth.; Matter of Vil. of Solvay v. Onondaga County Water Auth., 24 N Y 2d 400.)
There is no question that a heavy burden falls on one challenging the validity of a particular ordinance. The burden of showing that the ordinance assailed is not justified under the police power of the State by any reasonable interpretation of the facts is upon the petitioner.
The special permit technique is employed to control uses which are regarded as especially troublesome and soften the impact of certain uses upon areas where they will be incompatible unless conditioned in a manner suitable to a particular location. In most cases these particularly troublesome uses may be permitted on approval by a Zoning Board of Appeals subject to conditions authorized by the zoning ordinance and imposed by the board. (See 2 Anderson, New York Zoning Law and Practice, [2d ed.], par. 19.02.)
In the case before this court the Town Board has reserved unto itself the decision as to whether or not the requested permit will or will not be granted. Petitioner challenges the validity of that portion of section 2 of the Mobile Home Ordinance which requires that he supply to the Town Clerk evidence that the proposed construction will not be injurious or detrimental to the neighborhood involved by (a) supplying evidence in the form of a petition signed by the property owners from both sides of the road or street or right of way, within 1,000 feet of the trailer in question in each direction, showing approval by at least a majority, and approval of at least a majority of the abutting property owners. This type of requirement is referred to throughout the cases reported in New York as a 1 ‘ consent requirement ’ ’.
The consent requirements contained in zoning ordinances have been challenged for many years, particularly on the ground that they violate the due process clause of the State and Federal Constitutions by delegating legislative power to neighboring landowners and that they do not establish uniform standards. A reading of such cases as Cusack Co. v. City of Chicago (242 U. S. 526) and others, finds that the court draws a distinction between consent ordinances which involve potentially harmful uses and those which involve uses which obviously lack this propensity. The New York cases on this subject were indecisive until 1950, when the Court of Appeals decided Matter of Con *68 cordia Coll. Inst. v. Miller (301 N. Y. 189), wherein the court held that the particular consent requirement contained in the ordinance in question was invalid in that it violated the Fourteenth Amendment to the Constitution of the United States and section 6 of article I of the New York Constitution. The court said that the ordinance allowed a small group of adjoining owners to prohibit a structure which the owner should be allowed to build as a matter of right, and that such owners could veto the construction by inaction, unguided and unrestricted by legislative standards. Of particular importance was the following statement by the court (p. 195): “ In the case now before us, we are not dealing with billboards or garages or other offensive uses in connection with which consent provisions may be proper ”.
It appears to be the law of this State that where the use is offensive or a nuisance, the issuance of a permit may be conditioned upon the consent of a reasonable percent of the residents within the area affected by the proposed use. Where the use lacks this offensive or nuisance character, the likelihood of disapproval of such a consent requirement is great. The court must first make a determination as to whether or not the use is offensive or a nuisance or a beneficial use.
There is no question that house trailers are a proper subject for legislative regulation. (Koston v. Town of Newburgh, 45 Misc 2d 382.)
Pursuant to the valid exercise of the police powers of a municipality designated to promote health, safety, morals and general welfare of the municipality, the Koston case (supra) did state that a trailer camp was not a ‘ ‘ nuisance ’ ’ per se.
Respondents contend that a trailer or mobile home is not a nuisance but is capable of becoming a nuisance and clearly is within the municipality’s police power to regulate its existence conditioned upon the stated consent requirements. This court feels that the distinction between allowable consent provisions and invalid consent provisions is not founded upon the potential of a nonnuisance use becoming one in the future, but rather upon the character of the use when the permit is applied for.
Based upon the facts before this court, I find that the act of entrusting the neighboring property owners with the right to say what shall and what shall not be erected or conducted on petitioner’s property is an unlawful delegation of legislative or governmental authority to individuals. This provision would allow particular landowners to exclude petitioner from using his land for his trailer and allow another seeking the same general *69 use to come in, with no apparent distinction or justifiable reason for such action. This is, in effect, conferring an arbitrary power of discrimination capable of being exercised without guidance or restraint.
Where the legislative body retains the power in itself to issue such permits, it need not articulate the standards which will guide or limit its exercise of such power. (Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534.)
However, when any part of the legislative function is delegated to an administrative body, or, as in the present case, to neighbors, the failure to provide such administrative body or neighbors with standards sufficient to limit or guide their discretion and provide the court with a reasonable basis for judicial review, renders the provision unconstitutional. (See, also, Matter of Aloe v. Dassler, 278 App. Div. 975, affd. 303 N. Y. 878.)
This court finds that the consent requirement set forth in the instant ordinance, pursuant to section 2 thereof, is invalid and declares that portion to be unconstitutional. This declaration shall apply only to the consent requirement pursuant to the authority of the separability clause of section 30 of the Mobile Home Ordinance, allowing the remaining portions of said ordinance to stand.
This court further directs that respondents grant the appropriate permit to the petitioner should he otherwise comply with all requirements of the ordinance.