FRANK JANAS, Plaintiff, v TOWN BOARD OF THE TOWN OF FLEMING et al., Defendants.

Fourth Department, April 15, 1976

Submission of a controversy to determine the constitutionality of a zoning ordinance.

*Pettigrass & Thurston (Earle Thurston* of counsel), for plaintiff.

*Ross M. Tisci* for defendant.

MOULE, J. P. This is an original declaratory judgment action submitted to this court upon an agreed statement of facts pursuant to CPLR 3222. The issues raised herein concern the constitutionality of that section of the Zoning Ordinance of the Town of Fleming which regulates the location and use of mobile homes.

On June 7, 1973 plaintiff, a resident landowner of the Town of Fleming, Cayuga County, purchased an eight-acre tract of land situated within the town. Later that month and pursuant to article V, section 2, part E, of the town's zoning ordinance,[1] he filed an application with the Town Clerk for a special permit to construct a mobile home park on this tract which admittedly was within the designated area of permitted use as specified in part E.

Thereafter, on July 2, 1973, at a regular meeting of the defendant town board, plaintiff requested a hearing on his application. In response to this request the town board noticed a public hearing on July 24, 1973 concerning the adoption of a proposed amendment to article V of the ordinance, entitled "Section 4. Mobile Home Parks." Although this amendment purported to regulate all mobile home parks which might be started within the town, by its very language it only applied

1. Article V, section 2, part E, of the zoning ordinance provides as follows:

"E. No mobile home shall be installed in the Town of Fleming except within the territorial boundaries of the Town south-west of a line commencing at the intersection of the boundary of the City of Auburn and the Lehigh Valley Railroad track, thence southerly along said track to the center line of Silver Street; thence along the center line of Silver Street to the center of Stone School Road, thence along the center of Stone School Road to Owasco Lake. Authorization shall be only by special permit from the Board of Appeals, following a public hearing, and under conditions and for periods of time to be determined by such Board, in accordance with the following standards:

"(1) The granting of the special permit shall not be injurious to the neighborhood.

"(2) Applications have approval of the County Health Department and comply with County sewage requirements, and have individual water and sewer systems.

"(3) Request for permit must be accompanied by written approval of a majority of adjoining property owners (including property owners across the road) and must show location, type of mobile home, and reason for request.

"(4) Mobile homes shall be permitted only to relatives no more distant than first cousins or employees of owners of property.

"(5) The Board shall request an advisory opinion from the Planning Board on any application for a special permit."

to plaintiff's eight-acre parcel. It provided, *inter alia,* density limitations, area requirements for the park, and minimum footage requirements for individual lots as well as requiring common recreation areas, tree-lined buffer zones and fireproof skirting around each mobile home. It further provided that applicants for mobile home park permits must submit park specifications to the town planning board for approval.

The public hearing was duly held on July 24, 1973 and, although the notice of this hearing merely stated that it would concern the proposed amendment, plaintiff's application for a special permit was also discussed. No action, however, was taken by the town board on either issue.

Thereafter, a second public hearing was noticed and held on August 27, 1973. The sole issue discussed at this time was the proposed amendment to the ordinance and again no decision was reached as to its adoption.

This amendment was finally rejected by the town board at its regular monthly meeting on October 1, 1973. At the same time, plaintiff again requested defendant town board to act on his application for a special permit. The Town Attorney suggested that plaintiff submit another application containing the exact location and description of the proposed park as well as a statement of conformity with the latest specifications for such a park as recommended by the board of planning. A public hearing on this matter was scheduled for October 16, 1973.

At that hearing opponents of the application urged that the proposed location of the park was undesirable and that it would result in excessive traffic, creating a possible danger to children and disturbing a now quiet community. A petition of protest, signed by eight adjacent landowners, was also submitted in opposition to the permit.

Thereafter, on November 8, 1973 the town board denied plaintiff's application without comment, pursuant to the Zoning Ordinance of the Town of Fleming.

In this case plaintiff presents a bifurcated argument in that he attacks the constitutionality of the ordinance both on its face and as it was applied to his particular application. Thus, before discussing the specific contentions, we must decide whether plaintiff is the proper party to challenge the ordinance on these two grounds.

Plaintiff can undoubtedly challenge the constitutionality of

the ordinance on its face. In fact, defendants do not contest his standing in this regard. Although the ordinance was specifically designed to regulate the location and use of individual mobile homes and not mobile home parks, its terms are broad enough to include installation of such facilities. As such it applies and presents an obstacle to plaintiff's proposed use of his land. This immediate and genuine economic interest gives plaintiff standing to challenge the ordinance on its face (see *Berenson v Town of New Castle*, 38 NY2d 102; *Matter of Concordia Coll. Inst. v Miller*, 301 NY 189).

Plaintiff cannot, however, attack the validity of the ordinance as applied to him since the facts do not establish that he has exhausted his administrative remedies (CPLR 3001; see *Old Farm Road, Inc. v Town of New Castle*, 26 NY2d 462). Although the ordinance specifically provides that applications for mobile home permits may only be granted by the board of zoning appeals, plaintiff never applied to that administrative body. Instead, plaintiff submitted his application to the town board, whose jurisdiction in this matter had been statutorily delegated. Thus, to determine the constitutionality of the ordinance as applied to the denial of this permit would be premature, because the appropriate administrative body has not rendered its determination *(Old Farm Road, Inc. v Town of New Castle, supra; Incorporated Vil. of Upper Brookville v Faraco*, 282 App Div 943, 944, affd 307 NY 642).

With this restriction in mind, we turn then to plaintiff's first argument in which he asserts that the ordinance is unconstitutional and in violation of section 261 of the Town Law insofar as it requires that a "[r]equest for [a special] permit must be accompanied by written approval of a majority of adjoining property owners (including property owners across the road)".

It is well established that the zoning power is inherently legislative and as such it properly resides in the State *(Matter of Green Point Sav. Bank v Board of Zoning Appeals of Town of Hempstead*, 281 NY 534). This power may, however, be delegated to individual town boards by statutory enactment and the resulting town ordinances carry a presumption of constitutionality *(Rodgers v Village of Tarrytown*, 302 NY 115, 121).

Pursuant to this delegation, section 261 of the Town Law empowers the town board to regulate and restrict by ordinance the construction and use of buildings and lands within

its jurisdiction. It further authorizes the town board to "provide that a board of appeals may determine and vary [the application of local zoning regulations] in harmony with their general purpose and intent, and in accordance with general or specific rules therein contained."

Thus, by specific statutory enactment, any subsequent delegation of a town board's zoning authority must be exercised in light of either general or specific guidelines imposed by the board itself.

In the instant case, the ordinance does provide such guidelines at least insofar as the town board's authority to grant special permits for mobile homes is delegated to the board of appeals. Article V, section 2, part E, specifically sets forth five criteria upon which any action of the board of appeals must be based. These standards include, *inter alia,* a determination of whether the proposed permit will be injurious to the neighborhood as well as prior approval of the County Health Department.

However, article V, section 2, part E (3) preconditions any grant of a special permit by the board of appeals on the submission of a request for such a permit along with the written approval of the adjoining property owners. Thus, where the applicant fails to obtain and submit these consents, he fails to satisfy the requirements of the ordinance and the board of appeals is precluded from granting the permit.

The net result of this mandatory consent requirement is to delegate zoning authority to individual landowners, who, by withholding their approval, may effectively prevent the board of appeals from considering an otherwise proper application.

In *Matter of Concordia Coll. Inst. v Miller* (301 NY 189, *supra),* the constitutionality of a consent requirement similar to the one here was reviewed by the Court of Appeals. In holding that the ordinance, which required written consent by 80% of the surrounding landowners for an administrative variance to erect or alter a building for education use, violated the due process clause of the Federal and State Constitutions, the court stated that (p 194): "[w]ithout such consents, the board of appeals had absolutely no power under [the ordinance]. A fraction over 20% of the adjoining property owners could prevent any action by the board and they could thus finally determine, even by inaction, the kind of use that petitioner might make of its property. Against that restriction not only petitioner but the board itself would be powerless.

The action of such dissenting or indifferent owners is subject to no guides or standards and to no rule whatsoever * * * 'One set of owners determines not only the extent of use but the kind of use which another set of owners may make of their property. In what way is the public safety, convenience or welfare served by conferring such power?' "

In reaffirming the necessity for standards by which to judge the propriety of withholding consents, however, the court distinguished the educational use proposed in *Concordia* from those uses which by their very nature were offensive to surrounding residences. Thus, even consent requirements which wholly lack standards or guidelines may be proper when the proposed use is offensive, such as auto garages and billboards (pp 195-196).

In the instant case, it is clear that the ordinance provides no standard whatsoever by which the consents may be judged. Furthermore, it is obvious that the proposed use of the property as a mobile home park does not bring this case within the offensive use distinction set forth in *Concordia.* In fact, it has been held that the use of a mobile home is residential in nature and is not potentially dangerous or offensive to other residential uses (see *Jackson & Perkins Co. v Martin,* 16 AD2d 1, 6; *Bashant v Walter,* 78 Misc 2d 64, 68). In light of this, we hold that article V, section 2, part E (3), must be declared unconstitutional and void under the due process clause of the New York Constitution.

Plaintiff also contends that the ordinance is unconstitutional and violative of the equal protection doctrine insofar as it provides that "[m]obile homes shall be permitted only to relatives no more distant than first cousins or employees of owners of property." This restriction operates to exclude large categories of people from using mobile homes within the town by reason of familial relationship or employment and we hold that as such, it is violative of the equal protection clause and, therefore, unconstitutional on its face.

As previously noted, town zoning ordinances which are promulgated pursuant to the delegation of the State's inherent power to zone, are presumed to be constitutional *(Rodgers v Village of Tarrytown,* 302 NY 115, *supra).* The burden of proving their unconstitutionality, therefore, rests upon their assailant *(Matter of Golden v Planning Bd. of Town of Ramapo,* 30 NY2d 359, 377; *Matter of Stevens v Smolka,* 11 AD2d 896, 897). In this regard the test to be applied is

whether there is a "rational relation" between the legislative classification and the permissible State objective *(Village of Belle Terre v Boraas,* 416 US 1, 8).

It is well settled that the objective of zoning ordinances is the regulation and restriction of property uses in order to promote the health, safety, morals and general welfare of the community (Town Law, § 261; *Barkmann v Town of Hempstead,* 268 App Div 785, affd 294 NY 805). In the instant case, however, this section of the ordinance does not predicate its exclusionary effect upon the type of use to which the property may be subjected. Rather, it bases its rationale upon the personal status of the applicants for special permits. As such, it bears no rational relation to the State zoning objectives and, due to its impermissible classification, it denies equal protection of the laws (NY Const, art I, § 11).

The rejection of plaintiff's third contention in which he asserts that the ordinance has an unconstitutional exclusionary effect on mobile home parks is necessitated by his failure to present factual support for his argument. Since the exclusion of such trailer camps from designated areas of a town has been held constitutional *(Matter of Stevens v Smolka,* 11 AD2d 896, *supra),* it was incumbent upon plaintiff to establish that, based upon the history of land-use planning in the town and the land-use needs of the surrounding area, this policy of exclusion was not based upon legitimate zoning considerations (see *Berenson v Town of New Castle,* 38 NY2d 102, *supra).* Since plaintiff did not present this evidence, he has failed to sustain his burden of proof on this issue.

Plaintiff finally argues that the ordinance as a whole is unconstitutional in that it delegates legislative zoning authority to the board of zoning appeals without sufficient prescribed standards. This contention, however, is without merit. Even when the consent and status requirements, which we hold to be unconstitutional, are removed from the ordinance, it is clear that there remain sufficient guidelines for the exercise of the zoning board's authority. Aside from the general standard that the mobile home use should not be "injurious to the neighborhood," the board's decision must be based upon compliance with water and sewage requirements, approval by the County Health Department and the planning board. While these standards are admittedly not all-inclusive, they do provide sufficient guidelines upon which the board of zoning appeals may base its decision and upon which that decision

may be reviewed (see *Matter of Kohnberg v Murdock,* 6 AD2d 876, affd 6 NY2d 937; *Matter of Aloe v Dassler,* 278 App Div 975, affd 303 NY 878).

Therefore, judgment should be entered declaring article V, section 2, of part E (3), to the extent it requires written approval of a majority of adjoining property owners, and (4) of the Zoning Ordinance of the Town of Fleming unconstitutional.

CARDAMONE, SIMONS, DILLON and WITMER, JJ., concur.

Judgment unanimously determined in favor of plaintiff, without costs, in accordance with opinion by MOULE, J. P.