OPINION OF THE COURT
Leonard A. Weiss, J.
Plaintiff, Town of Gardiner, seeks a preliminary injunction under CPLR 6301 to restrain defendants from (1) further preparation of a site located on their real estate in the Town of Gardiner for construction of a mobile home and (2) the placing of a mobile home on this site.
Defendants, Stanley Orchards, Inc. and Stanley Cohn, cross-move for an order dismissing plaintiff’s complaint on the grounds that the Town of Gardiner Local Law No. 3 for the year 1972 which defendants are allegedly violating is unconstitutional under both the New York and United States Constitutions rendering said local law unenforceable and thereby requiring this court to vacate any temporary restraining order and denying any requests for a preliminary injunction.
Defendants own property in the Town of Gardiner. On *461 March 20, 1980, the defendants filed an application for a building permit with the Town Clerk for the Town of Gar-diner seeking permission to place a mobile home on a parcel of land they own which is not part of a mobile home park or a mobile home subdivision. The defendants never filed with the town clerk, or any other official of the town, “Permission in writing [from] all land owners within 500 feet of the boundaries of the property on which a mobile home is to be placed” which is required under the provisions of section 20 of Local Law No. 3-1972 of the Town of Gardiner. The Gardiner Town Board considered defendants’ application at its May 13, 1980 meeting and unanimously refused to issue the building permit. On June 10,1980, the defendants again appeared before the town board and were informed that if they placed the mobile home in a less objectionable place on their property, they might be granted the permit. In July, 1980 the supervisor for the town observed that at the site where defendants had requested a building permit, electricity was brought in, a septic system was being installed and a well was in the process of being built. On July 16,1980, Mr. Justice Aaron E. Klein of this court signed an order to show cause containing a temporary restraining order for the town which enjoined the defendants from further preparation of the site from placing a mobile home on the site pending hearing and determination of the town’s underlying action for a permanent injunction because defendants were in violation of the provisions in Local Law No. 3 for the year 1972.
In support of its application for a preliminary injunction, the town urges (1) it has met its burden of proof that the defendants have acted in violation of Local Law No. 3 for the year of 1972 and that the preliminary injunction is required to prevent further injury to the plaintiff which would result if the defendants continued to act in disregard of said law; (2) that the defendant’s answering affidavit admits that he has not complied with the subject local law and has made no allegation or showing of injury because the defendants have been restrained from preparing the site for the installation of a mobile home; (3) that the purpose of preserving the status quo will be served if this court grants a *462 preliminary injunction; (4) that there is a presumption of constitutionality which the defendants have not overcome in seeking to have Local Law No. 3 declared unconstitutional; and (5) that the defendants have failed to exhaust their administrative remedies, making this proceeding premature, because they did not make any effort to apply for a waiver to the town board as they are permitted to do under section 22 of Local Law No. 3-1972 for the Town of Gardiner.
Defendants urge that (1) the Gardiner Local Law is an unconstitutional violation of the defendants’ right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and sections 6 and 11 of article I of the New York State Constitution because the health, safety and general welfare of the citizens of Gardiner is not served by the grant of authority to private landowners in the subject local law to determine whether another property owner can make use of his land in a manner which is not potentially dangerous or offensive to other residential uses; (2) that the subject local law violates equal protection because it provides for the possibility that one landowner who is surrounded by consenting neighbors will be able to place a mobile home on his land whereas another landowner who is not surrounded by consenting neighbors will not be able to make such use of his land and that this distinction is wholly without rational basis or relationship to the town’s police power; and (3) that the absence of standards or guides in the local law which accompany the delegation of authority to private citizens to block issuance of a trailer permit is violative of the due process clause in the Fourteenth Amendment as an unconstitutional delegation of governmental power to private citizens.
In reply to the defendants’ arguments, the town urges that Local Law No. 3, when read in its entirety, suffers from no constitutional infirmity because section 22 expressly reserved to the town board the authority to waive, subject to appropriate conditions, any of the requirements set forth in the law. Defendants, in their reply to the plaintiff’s main contentions, urge that they have standing to challenge the constitutionality of the local law on its face as *463 part of their defense and counterclaim to plaintiff’s action for injunctive relief and that the doctrine of exhaustion of administrative remedies does not bar them from seeking dismissal of the complaint as they request in this motion.
Initially, this court considers whether the defendants’ failure to make application to the town board for a waiver pursuant to section 22 of the Local Law operates to bar the defendants from attacking the constitutionality of the law which they are allegedly violating. New York courts which have considered challenges to zoning enactments on constitutional grounds have distinguished between challenges to the enactment based solely upon language contained in the statute which can be brought by any adversely effected property owner and challenges to the application of the enactment in a specific situation which can only be brought by an adversely effected property owner who has exhausted all administrative remedies provided in the zoning statute which he finds objectionable. In Levitt v Incorporated Vil. of Sands Point (6 NY2d 269, 273), the Court of Appeals said: “We disagree, however, with the opinion of the Appellate Division insofar as it held that plaintiffs were precluded from raising the issue of confiscation by their failure to apply for a variance under the provisions of the ordinance. The theory of this action is that plaintiffs are entitled as a matter of right to a judgment declaring the unconstitutionality of the ordinance; they do not ask for the relaxation of an assumedly valid regulation” (also see Polak v Kavanah, 48 AD2d 840). In Janas v Town Bd. of Town of Fleming (51 AD2d 473, 476-477), the Appellate Division, Fourth Department, expressly found that it could not consider plaintiff’s argument that the ordinance as applied to him was unconstitutional because he failed to exhaust his administrative remedies provided in the ordinance but, went on to consider plaintiff’s contention that the ordinance was unconstitutional because it required that a “[rjequest for [a special] permit must be accompanied by written approval of a majority of adjoining property owners (including property owners across the road).” Following the principles established in Levitt (supra), Polak (supra) and Janas (supra), this court finds that defendants’ failure to *464 apply to the town board for a waiver in accordance with section 22 of Local Law No. 3-1972 does not preclude this court from considering the defendants’ challenge to this local law which is based on the contention that this law is unconstitutional on its face. Accordingly, plaintiff’s motion to dismiss the defendants’ affirmative defense and counterclaim on the grounds that the defendants have failed to exhaust their administrative remedies is denied.
The court now turns to consideration of whether the local law which the defendants are violating is unconstitutional. Article 4 of Local Law No. 3-1972 of the Town of Gardiner says, in relevant part:
“Section 20. Mobile Homes on Individual Lots. No mobile home shall be located in the Town of Gardiner except in a mobile home park or mobile home subdivision approved in accordance with the provisions of this ordinance unless permission is granted in writing from all landowners with- • in 500 feet of the boundaries of the property on which a mobile home is to be placed. However, this shall not apply to any mobile home in existence within the Town before the effective date of this Local Law as long as it remains in the same location. Violation of the provisions of this section shall be deemed to be an offense punishable by a fine not to exceed Fifty Dollars ($50.00) per week that the violation remains.
“Section 21. Separability of Provisions. Should any section or provision of this Local Law be declared by a court of confident jurisdiction to be invalid, such decision shall not effect the validity of this Local Law as a whole or of any part or provision thereof, other than the part so declared to be invalid.
“Section 22. Waivers. The Town Board may waive, subject to appropriate conditions, the provisions of any or all such improvements and requirements as in its judgment of the special circumstances of a particular property are not requisite in the interest of the public health, safety, and general welfare or would cause unusual hardship, provided that the public interest is protected in a development as in keeping with the general spirit and intent of the regulations set forth in this Local Law. Any request for waiver of any re *465 quirements set forth in this Law shall be reviewed by the Planning Board in conjunction with its site plan review in accordance with the conditions set forth in Section 11. The Town Board shall reverse a recommendation of the Planning Board with regard to waiver of requirements only by a vote of at least a majority plus one.”
Defendants’ main contention is that a provision of section 20 which requires all landowners within 500 feet of the boundaries of the property on which a mobile home is to be placed to give written permission, invalidates the entire local law because such requirement is an impermissible delegation of government authority by the town to private property owners without standards to insure the proper exercise of that authority. Defendants also suggest that section 22 of the local law which purports to give the town board authority to waive any requirement of the law, including the requirement of unanimous consent by property owners who live within 500 feet of the boundaries of land where a mobile home is to be placed, does not cure the constitutional defect contained in section 20 and, that section 22 itself is unconstitutional because it does not contain adequately defined standards to guide the town board in the exercise of its discretion to grant waivers from the requirements of the law.
Any party who seeks to attack the constitutionality of a zoning enactment has a heavy burden to overcome what has been described as “an exceedingly strong presumption of constitutionality” (Town of Huntington v Park Shore Country Day Camp of Dix Hills, 47 NY2d 61, 65). Under Huntington (supra, pp 65-66), the defendants here shoulder “the very heavy burden of demonstrating beyond a reasonable doubt that the [local law is] violative of [the Constitution] (see Wiggins v Town of Somers, 4 NY2d 215, 218). Viewed from another perspective, the classification scheme devised by the local legislature would have to be sustained if it could be said to be ‘reasonably related to, some manifest evil which, however, need only be reasonably apprehended’ (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11). Thus, if on any interpretation of the facts known or reasonably to be perceived, the zoning measure falls within the embrace of the *466 town’s authority to regulate property as a means of promoting the general welfare of the community (Town Law, § 261), it is insulated from attack.”
In this case, it appears that defendants have sustained their burden of demonstrating that Local Law No. 3-1972 is unconstitutional. The provision in section 20 of the local law at issue which requires unanimous consent of adjoining property owners before a permit to place a mobile home on property whose boundaries are within 500 feet of the adjoining landowners boundaries is commonly referred to in New York cases as a “consent requirement.” Good summaries of the principles with regard to the constitutionality of consent requirements in zoning enactments can be found in Janas v Town Bd. of Town of Fleming (51 AD2d 473, 477-480, supra) and Bashant v Walter (78 Misc 2d 64, 67-69, supra). In Janas (supra), a consent requirement was one of five standards set forth in a town zoning ordinance governing the installation of mobile homes. In Janas (supra), the statute provided that “Request for a permit must be accompanied by written approval of a majority of adjoining property owners (including property owners across the road) and must show location, type of mobile home, and reason for request.” The Appellate Division, Fourth Department, found this consent requirement to be unconstitutional even though the ordinance specifically provided that applications for mobile home permits may only be granted by the Board of Zoning Appeal and the plaintiff never applied to that administrative body. In Janas (supra, at p 478), the court referred to the principles established by the Court of Appeals in Matter of Concordia Coll. Inst. v Miller (301 NY 189) which held that mandatory consent requirements in a zoning enactment which contain no guide or standards and refer to no rule whatsoever with which to judge the propriety of withholding-consent have the effect of impermissibly delegating to one set of owners the authority to determine the kind of use another set of owners may make of their property. Significantly, the courts in both Concordia (supra) and Janas (supra) held that consent requirements which wholly lack standards or guidelines may be proper when the proposed use to which the requirements attached is “offensive, such as auto garages and billboards” but, that *467 the proposed use of property as a mobile home park or for placement of a mobile home does not qualify as an offensive use because it has been held that said use is residential in nature and not potentially dangerous to other residential uses.
Applying the principles established in Concordia (supra), Janas (supra) and Bachant (supra), this court first determines that the use, installation of a single mobile home, is not a “nuisance” per se or “offensive”. In reviewing the consent requirements in the local law, the court finds totally lacking any standards to guide the neighboring property owners in the withholding of their consent. In this case, the consent requirements are particularly stringent in that they require the unanimous consent of all property owners whose land is located within 500 feet of the property to be used for the mobile home when compared to the consent requirements in Concordia (supra [which held unconstitutional consent requirements by 80% of the surrounding landowners for an administrative variance to erect or alter a building for education use]), Janas (supra [which held unconstitutional consent requirements by' a majority of adjoining property owners including property owners across the road]), or Bashant (supra [which required the consent of at least the majority of the abutting property owners]). In view of these cases, this court finds that the local law at issue must be held unconstitutional as an improper delegation of zoning authority to private landowners without adequate standards to insure that the landowners will not act in an arbitrary or discriminatory manner by excluding these defendants from using their land for their trailer while permitting another seeking the same general use to do so. In the absence of standards to guide the neighboring property owners in the exercise of their authority the local law is clearly an unlawful delegation of legislative or governmental authority to individuals. The fact that section 22 of the local law vests the town board with discretion to waive the requirements of section 20 does not remove those.requirements and, therefore, does not remove the constitutional infirmity which makes the consent requirement and the local law void on its face.
*468 After extensive research, this court has been unable to find a New York case which would uphold the constitutionality of the unanimous consent requirement in -the local law at issue merely because the legislative body retained the authority to waive these requirements.
Based on the foregoing analysis, this court finds that the defendants have sustained their heavy burden of demonstrating the unconstitutionality of the consent requirements in the Gardiner Local Law. Exercising its authority under CPLR 103 (subd [c]), this court hereby converts this action into one for a declaratory judgment and holds that the local law which defendants violated is void and not enforceable. It follows that defendants’ motion to dismiss the complaint is granted, plaintiff’s motion for a preliminary injunction is denied, and the temporary restraining order effective only until the date of this decision, is dissolved.
All requests for any other relief by either party are denied.