■ In the Matter of SYRACUSE LAND CORP. (WFBL), Appellant, v TOWN OF CLAY et al., Respondents.—Judgment unanimously reversed, on the law, without costs, determination annulled and petition granted, in accordance with the following memorandum: Petitioner operates a 5,000-watt AM radio station and it is seeking to relocate its transmitter and radio towers to a 22-acre site in the Town of Clay in an area known as the Woodard Industrial Park, a 2,200-acre Planned Industrial Park zoned I-1 under the town zoning ordinance. The Town Board has twice denied petitioner's application for a special permit to erect and operate three radio antennae and a transmitter building. The Board's first determination was annulled in a previous CPLR article 78 proceeding and the matter remitted for a "trial de novo confined to the sole issue of the effect, if any, that electromagnetic radio frequency transmissions from its [petitioner's] proposed antennae will have upon the surrounding industries in the Industrial Park." Following public hearings the Town Board unanimously denied petitioner's application a second time and petitioner commenced this CPLR article 78 proceeding in the nature of certiorari to annul the determination. Special Term upheld the Town Board's determination and petitioner appeals.

Public utilities are a permitted use in "I-1 Planned Industrial Park Districts" if they meet the standards of performance listed

in the ordinance (Town of Clay Zoning Ordinance § 30.74 [A] [1]; [C]). In supplementary zoning regulations under the heading "Public Utility Uses", radio towers are authorized in any town zoning district upon the issuance of a special permit provided described site criteria are considered to insure compatibility with neighboring structures and uses (Town of Clay Zoning Ordinance § 30.84 [A], [C] [1] [a]).

On its appeal petitioner claims that the proposed use is permitted as of right in an I-1 Planned Industrial Park District and, in the alternative, if a permit is necessary, that the requirements of the special permit section were misconstrued by the Board and that the action of the Board was arbitrary and capricious.

Under a strict reading of the zoning ordinance it is arguable that the proposed use is permitted as of right in the I-1 District; however, this issue is not properly before us. Petitioner has not presented the objection in any of the proceedings below and through its petition has conceded the necessity of a special permit under the ordinance. Petitioner never asserted a right to locate in the Industrial Park without a special permit (as by applying directly for a building permit) and thus has denied the appropriate administrative body any opportunity to render a determination *(see, Janas v Town Bd.,* 51 AD2d 473, 477; *see also, Matter of Turner v Town of Grand Is. Bldg. Dept.,* 97 AD2d 980).

We also reject petitioner's alternative argument that the inclusion of only site-related criteria in the special permit section precluded the Board from considering other factors without amendment of the zoning ordinance. Generally, "[t]he inclusion in a zoning ordinance of a use permitted by special permit is tantamount to a legislative finding that the use is in harmony with the general zoning plan and that it will not adversely affect the area *(Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243-244; *Matter of Scott v Zoning Bd. of Appeals,* 88 AD2d 767). Consequently, the issuing body is required to grant a special use permit unless 'reasonable grounds exist for its denial' *(Green v Lo Grande,* 96 AD2d 524, 525, app dsmd 61 NY2d 758)." *(Matter of Gernatt Gravel Prods. v Town of Collins,* 105 AD2d 1057, 1059.) However, when the Town Board reserves to itself the power to issue or withhold special permits, even if the ordinance sets forth standards "it has not divested itself of the power of further regulation * * * [and the] grant or denial of the permit is left to the 'untrammeled, but of course not capricious discretion' of the Board" which may be interfered with only when the Board has clearly acted " 'solely upon grounds which as matter of law

may not control' " its discretion *(Cummings v Town Bd.,* 62 NY2d 833, 834-835; *see also,* 2 Anderson, New York Zoning Law and Practice § 24.13, at 286; § 24.14, at 289-291 [3d ed 1984]).

We agree with petitioner that the determination of the Board was unreasonable and must be annulled. The Board found that the proposed use was incompatible with existing uses. Petitioner presented to the Town Board the report and testimony of a qualified expert who concluded that the operation of petitioner's antennae would have no adverse impact on the nearby electronic companies or effect upon future high technology industry in the area. This conclusion was supported by field tests conducted by the expert at respondents-intervenors' facilities. Proof in opposition to the application disputed the conclusions of petitioner's expert and centered on future problems. The Board and the expert retained by it relied heavily on an analysis of the electromagnetic field conditions resulting from petitioner's proposed use which was submitted in letter form by an engineer who was not called to testify and which reflected a probability that the proposed use would have an adverse impact on a number of the activities of one of the intervenors. The credentials of this expert, who did not testify, were not included in the record and the Town Board refused petitioner's request that he be subpoenaed. This highly technical report stands as the primary evidence to support the Board's decision and due to its author's absence from the hearing it is impossible to judge his qualifications, if any, or the nature and extent of the testing he performed to support his opinion. Petitioner was denied the opportunity to develop the record in this respect. In our view, the report lacked adequate foundation and did not supply reasonable rebuttal of petitioner's proof.

The Town Board has had ample opportunity to consider petitioner's application and has failed twice to demonstrate that "reasonable grounds exist for its denial", therefore, its determination is annulled, and the matter remitted to the Town Board, which is instructed to grant the permit subject to the imposition of any reasonable conditions it deems appropriate, not inconsistent with this memorandum. (Appeal from judgment of Supreme Court, Onondaga County, Hayes, J.—art 78.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.