John W. Sweeny, J.
This is an article 78 proceeding to review the respondent town’s action, through its collector of taxes, in delivering a tax bill to petitioner calling for the payment of the sum of $22.95 for Consolidated Water District No. 1. Essentially petitioner’s claim is that the charge is illegal because he derives no benefit from the Water District but is required to contribute to its maintenance, while other town residents who are not located within the geographical confines of the Water District are not required to make such a payment. The respondents have moved to dismiss for legal insufficiency, based on an affidavit of the Town Supervisor. Since there appears to be no dispute as to. the material facts, the court treats the motion as one for summary judgment.
The charge levied against petitioner, and paid by him under protest, is a general charge assessed against all persons owning real property located within the Consolidated Water District and it is computed at the current rate of $2.75 per $1,000 of assessed valuation. Apparently petitioner, like some others in the district, has his own driven well and he does not intend to connect with or use the town water supply. Since the district boundaries encompass only a portion of the town, those property owners located outside the district are not taxed for any portion of the district costs. Taxpayers specially benefited by the water system, because their property fronts on a highway containing a water trunk line or is located within 1,000 feet of a fire hydrant, pay an additional tax for these benefits. Petitioner is not so situate and hence his standing to challenge the tax levied is limited to his attack on the general assessment against all property owners within the district.
Even though a property owner has made private arrangements to provide himself with the service offered by a special improvement district, he may be assessed on a benefit basis for the service offered in the district (Matter of Brewster-Mill Park Realty v. Town Board, 17 A D 2d 467; 1964 Opns. Atty.-Gen. 139). “Whether or not a particular parcel of land has been benefited by a particular improvement is ordinarily a question of fact. The test is not whether as now used by its present owner any advantage is received but whether its general value has been enhanced.” (Matter of City of New York [Juniper Ave.], 233 N. Y. 387, 392). The Town Board has determined that petitioner’s land is benefited, and unless the court “ can say as a matter of law that the improvement may *542 not by any possibility increase the value of [petitioner’s] property we must accede to the determination of the Town Board ”. (Matter of Brewster-Mill Park Realty v. Town Board, supra, p. 468.) No such conclusion is warranted here. To the contrary, it is apparent that the facilities for fire protection have been improved and that property value within the district will be enhanced by the availability of a municipal water supply. Those properties outside the district are not similarly benefited, so the distinction that the town has made between properties within and without the district is entirely justified. The motion is granted and the petition is dismissed.