## (December 6, 1971)

■ SAM AJAMIAN et al., Appellants, et al., Plaintiffs, v. TOWN BOARD OF OYSTER BAY, Respondent, and ROBERT LIEBOWITZ, Intervenor-Respondent.— This matter, commenced as an action by service of a summons and complaint, nevertheless seeks relief pursuant to article 78 of the CPLR, namely, to review the defendant Town Board's approval of an amendment to the Building Zone Ordinance of the Town of Oyster Bay. The appeal is by plaintiffs other than the Astracks from so much of an order of the Supreme Court, Nassau County, dated March 15, 1971, as granted defendant's motion, joined in by the intervenor, to dismiss the matter for insufficiency in law. Order modified by adding thereto a provision that leave is granted to plaintiffs to replead. As so modified, order affirmed, without costs. The time within which plaintiffs may serve an amended pleading is hereby limited to the period within 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry. However ineptly drawn, in our opinion, there is presently before the court a plenary action seeking relief against "spot zoning". Although the action of the defendant Town Board in amending its Building Zone Ordinance was a legislative act, it may be attacked as "spot zoning" by an action for a declaratory judgment (cf. Blumberg v. City of Yonkers, 21 A D 2d 886). Plain-

tiffs have confused the defendant Town Board's amendment of the ordinance with a Board of Appeals decision which may perhaps be made at some later date. The failure of the defendant Town Board to follow its own Building Zone Ordinance as to prior approval of a sewer system, as required by section E-15 of article VII-A of the ordinance, may properly be the subject of a declaratory judgment action; and, for this reason also, the pending action should be allowed to stand. In any amended complaint it would be well for plaintiffs to plead in more exact terms their status as aggrieved parties (see *Schapiro* v. *Town of North Hempstead*, 35 A D 2d 596; *Matter of Haber* v. *Board of Estimate of City of New York*, 33 A D 2d 571). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.