■ PAUL D. JAFFE, Respondent, v RICHARD E. BURNS et al., Constituting the Town Board of the Town of New Castle, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of New Castle, which denied petitioner's application to remove or alter a buffer zone on his property, the appeal is from a judgment of the Supreme Court, Westchester County, dated June 16, 1977, which, *inter alia,* annulled the determination of the town board. Judgment reversed, on the law, with costs, and proceeding dismissed on the merits. While it is not clear from petitioner's papers whether he requests an area variance or a rezoning of his property, in either event the petition should have been dismissed. If petitioner seeks to have his property rezoned, then he is in effect requesting legislative relief. There can be no CPLR article 78 review of the denial of essential legislative relief *(Matter of Firestone v Town Bd. of Town of Oyster Bay,* 134 NYS2d 882). If petitioner's application is for an area variance, then the town board had no jurisdiction to grant it, since only a zoning board of appeals can grant an area variance. Moreover, even if the town board had jurisdiction to consider an application for a variance, the application was properly denied. In order to establish entitlement to an area variance, the petitioner must show that he will suffer significant economic hardship if he is forced to comply with the ordinance (see *Matter of Cowan v Kern,* 41 NY2d 591). Here, petitioner claims that while there are building sites outside the 100-foot buffer strip which is required by the ordinance, building on those sites would be costlier than building in the buffer zone. However, petitioner purchased the property knowing of the requirement for a buffer zone and may have paid less for the property because of it. In the absence of proof as to what the petitioner paid for the property, there is no predicate which would support a finding of economic hardship in requiring the petitioner to adhere to the zoning ordinance (cf. *Matter of Cowan v Kern, supra).* Mollen, P. J., Hopkins, Titone and Hawkins, JJ., concur.