■ In the Matter of AMERADA HESS CORPORATION, Respondent, v JOEL LEFKOWITZ, as Presiding Supervisor of the Town of Brookhaven, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Brookhaven denying petitioner's application to have certain of its leased property rezoned under a "floating zone" provision, the appeal (by permission) is from an order of the Supreme Court, Suffolk County (Baisley, J.), dated October 30, 1980, which denied the appellants' motion to dismiss the petition. Order modified, on the law, by adding thereto a provision converting the proceeding into an action for a declaratory judgment with the petition deemed the complaint. As so modified, order affirmed, without costs or disbursements. Appellants' time to answer is

extended until 20 days after service upon them of a copy of the order to be made hereon with notice of entry. Petitioner seeks review of a denial of its application to rezone certain of its leased property under a "floating zone" provision. Such review, however, cannot be had in an article 78 proceeding, for it is of legislative action (see *Jaffe v Burns*, 64 AD2d 692; *Matter of Southern Dutchess Country Club v Town Bd. of Town of Fishkill*, 25 AD2d 866, affd 18 NY2d 870; 2 Anderson, New York Zoning Law & Practice [2d ed], § 22.15, p 203). The appropriate vehicle for such review is an action for a declaratory judgment *(Jaffe v Burns, supra; Ajamian v Town Bd. of Oyster Bay*, 38 AD2d 551). Notwithstanding the inappropriateness of an article 78 proceeding, the petition need not be dismissed. Rather, the proceeding is deemed converted to an action for a declaratory judgment (see CPLR 103, subd [c]). We have considered appellants' remaining contentions and find them to be without merit. Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.