■ In the Matter of HOWARD F. STOCKFIELD et al., Appellants, v TOWN BOARD OF TOWN OF SOMERS, Respondent. — In a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Somers, *inter alia,* denying petitioners' application to rezone their property entirely within the "NS" (Neighborhood Shopping) Business District, the appeal is from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered January 2, 1981, which dismissed the petition. Judgment reversed, without costs or disbursements, the proceeding is converted to an action for a declaratory judgment, with the petition deemed the complaint and the answer previously served being the answer thereto, and the matter is remitted to Special Term for further proceedings consistent herewith. The action of the town board sought to be reviewed by petitioners was essentially legislative in nature (see *Matter of Amerada Hess Corp. v Lefkowitz,* 82 AD2d 882, and the cases cited therein, mot for lv to app den by this court Sept. 18, 1981; see, also, 1 Anderson, New York Zoning Law and Practice [2d ed], § 8.03, p 326). The appropriate vehicle for review, in such case, is an action for a declaratory judgment and not a proceeding pursuant to CPLR article 78 (see *Matter of Amerada Hess Corp. v Lefkowitz, supra*). The proceeding is thus converted to an action for a declaratory judgment (see CPLR 103, subd [c]). The inadequacy of the record precludes proper review of the town board's resolution. Unfortunately, both the town board and petitioners have deemed it advisable not to provide either Special Term or this court with all materials upon which the town board relied in making its resolution. The matter, therefore, must be remitted to Special Term in order that the record be rendered complete and so that Special Term could then properly review the action of the town board. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.