■ In the Matter of NASSAU SHORES CIVIC ASSOCIATION, INC., et al., Appellants, v JOSEPH COLBY et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review a resolution of the respondent Town Board of the Town of Oyster Bay, or, alternatively, for a judgment declaring that such resolution is invalid, the petitioners appeal (1) from stated portions of a judgment of the Supreme Court, Nassau County (Oppido, J.), entered September 6, 1984, and (2) from so much of a resettled judgment of the same court, dated September 27, 1984, as (a) granted the respondents' cross motion to dismiss the petition, (b) denied the petitioners' application to treat the action as one for a declaratory judgment, and (c) denied the petitioners' motion for summary judgment.

Appeal from the judgment dismissed, without costs or disbursements. That judgment was superseded by the resettled judgment.

Resettled judgment modified (1) by deleting the first, second and third decretal paragraphs thereof, and substituting therefor provisions (a) converting the proceeding to an action for a declaratory judgment, with the petition deemed the complaint, and the answer previously served deemed the answer thereto and (b) declaring that the resolution adopted by the Town Board of the Town of Oyster Bay is valid and constitutional; and (2) by deleting the language of the fourth decretal paragraph thereof which follows the word "denied". As so modified, resettled judgment affirmed, insofar as appealed from, without costs or disbursements.

On November 24, 1978, the Town of Oyster Bay obtained an order condemning certain real property situated in the Nassau Shores section of Massapequa. A condemnation proceeding was commenced and, after a trial, the court determined that the property was worth $321,000 as of the date of condemnation. The matter was set down for an additional hearing to determine the amount of interest to be paid on the award for the five years ensuing since the condemnation and the amount of costs and allowances claimed by the owner of the property. Prior to that hearing, the parties agreed to settle the claim for a total amount of $385,000. On December 6, 1983, the Town Board of the Town of Oyster Bay adopted a resolution approving the settlement.

The petitioners now seek to have that resolution annulled. They argue, *inter alia,* that the actions of the Town Board in approving the settlement were arbitrary, capricious, unreasonable and an abuse of discretion, were violative of Town Law § 68, and otherwise deprived the petitioners of due process of law.

The court's determination that the adoption of the resolution approving the settlement was a legislative act and, as such, not reviewable in a proceeding brought pursuant to CPLR article 78, was correct *(see, Press v County of Monroe,* 50 NY2d 695; *Matter of Brent v Hoch,* 13 AD2d 505, *lv denied* 13 AD2d 774). The court erred, however, in declining to convert the proceeding pursuant to CPLR 103 (c) into a declaratory judgment action *(see, Matter of First Natl. City Bank v City of New York Fin. Admin.,* 36 NY2d 87; *Matter of Stockfield v Town Bd.,* 87 AD2d 633). The proceeding is thus converted into a declaratory judgment action with the petition deemed the complaint.

Turning to the merits, it is evident that the petitioners have failed to establish a sufficient basis for a declaration of the

invalidity of the resolution. The wisdom of the actions of the Town Board is not a matter which may be inquired into by the courts (see, *Hotel Dorset Co. v Trust for Cultural Resources*, 46 NY2d 358; *Matter of Rosenthal v Hartnett*, 36 NY2d 269). Nor, as Special Term held, have the petitioners alleged any facts which would support their claim of unconstitutionality. Lastly, we reject the petitioners' contention that the resolution should be set aside merely because the Town Board failed to provide in the resolution that it found the terms of the settlement to be "just, reasonable and to the interest of the town" (Town Law § 68 [4]). There is no requirement that such language appear in the resolution, and the failure to do so does not render it invalid (cf. *Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014).

As there are no grounds for a declaration that the resolution is invalid, the respondents are entitled to a judgment declaring the resolution valid and constitutional. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.