■ In the Matter of Vincent Belviso, Appellant, v Anthony Noto et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of Babylon, dated July 3, 1984, denying the petitioner's application for a zoning change, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), entered January 29, 1985, which, *inter alia,* upon the respondents' motion, dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The petitioner seeks review of a denial of his application to rezone his property. Such review, however, cannot be had in a CPLR article 78 proceeding, because the denial of rezoning is legislative action (see, *Matter of Amerada Hess Corp. v Lefko-*

*witz,* 82 AD2d 882, *lv dismissed* 55 NY2d 799; *Jaffe v Burns,* 64 AD2d 692). The appropriate vehicle for such review is an action for a declaratory judgment *(Matter of Amerada Hess Corp. v Lefkowitz, supra; Jaffe v Burns, supra).* Accordingly, Special Term was correct in dismissing the proceeding. Finally, Special Term did not abuse its discretion in declining the opportunity to convert the proceeding to a declaratory judgment action pursuant to CPLR 103 (c) since the allegations in the petition were insufficient to make out a valid cause of action *(Rodgers v Village of Tarrytown,* 302 NY 115; *Gordon v Town of Huntington,* 224 NYS2d 149). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.