■ ALAN KASPER, Respondent, v TOWN OF BROOKHAVEN, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Brookhaven denying the petitioner's application to have certain of his property rezoned, the appeal is from an order of the Supreme Court, Suffolk County (Lama, J.), dated June 21, 1985, which denied the appellant's motion to dismiss the petition.

On the court's own motion, the appellant's notice of appeal from the order denying its motion to dismiss is treated as an application for leave to appeal, said application is referred to Justice Weinstein, and leave to appeal is granted by Justice Weinstein.

Upon appeal by permission, order modified, by adding thereto a provision converting the proceeding into an action for a declaratory judgment with the petition deemed the complaint. As so modified, order affirmed, without costs or disbursements. The appellant's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

The petitioner seeks review of a denial of his application to have certain of his property rezoned. As the appellant properly contends, however, such review cannot be had in a proceeding pursuant to CPLR article 78 because a denial of an application to rezone constitutes legislative action (see, Matter of Stockfield v Town Bd. of Town of Somers, 87 AD2d 633; Matter of Amerada Hess Corp. v Lefkowitz, 82 AD2d 882, appeal dismissed 55 NY2d 799; Jaffe v Burns, 64 AD2d 692; Matter of Southern Dutchess Country Club v Town Bd. of Town of Fishkill, 25 AD2d 866, affd 18 NY2d 870). The appropriate vehicle for such review is an action for a declaratory judgment (see, Matter of Amerada Hess Corp. v Lefkowitz, supra; Jaffe v Burns, supra). Notwithstanding the inappropriateness of a proceeding pursuant to CPLR article 78, the

petition need not be dismissed. Rather we may convert it to an action for a declaratory judgment *(see,* CPLR 103 [c]). Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.