■ In the Matter of JOHN J. NAPOLITANO et al., Appellants, v TOWN BOARD OF THE TOWN OF OYSTER BAY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Oyster Bay dated December 18, 1984, which denied the petitioners' application for a change of zone, the petitioners appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Nassau County (Kutner, J.), dated December 18, 1985, which, *inter alia,* converted the proceeding into a declaratory judgment action and declared that the Town Board validly denied petitioners' application.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Special Term correctly determined that the Town Board's denial of the petitioners' application for a change of zone was a legislative action *(see, Kasper v Town of Brookhaven,* 122 AD2d 200; *Matter of Amerada Hess Corp. v Lefkowitz,* 82 AD2d 882, *lv dismissed* 55 NY2d 799) which must be upheld if it bears a substantial relationship to public health, safety, welfare or morals *(see, Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 92 AD2d 267, *affd* 60 NY2d 492; *Curtiss-Wright Corp. v Town of E. Hampton,* 82 AD2d 551). The record contains evidence that traffic generated by the proposed use would have a negative impact on the surrounding community. Therefore, the Town Board's action was reasonably related to the public health, safety and welfare.

The petitioners' remaining contention is without merit *(see, Matter of Orange County Publs. v Council of City of Newburgh,* 60 AD2d 409, 418, *affd* 45 NY2d 947). Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.