■ In the Matter of KATHLEEN WOLFE, Appellant, v TOWN BOARD OF THE TOWN OF ISLIP, Respondent.—In an action for a judgment declaring that the action of the defendant denying the plaintiff's request for a zoning change is unconstitutional, originally denominated a proceeding pursuant to CPLR article 78, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McInerney, J.), entered September 9, 1985, as granted judgment to the defendant.

Ordered that the order is modified, on the law, by adding a provision thereto declaring that the action of the defendant denying the plaintiff's request for a zoning change was not improper; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

Although this action was originally brought as a proceeding pursuant to CPLR article 78, Special Term appropriately converted it to an action for a declaratory judgment since the applicant sought a legislative change of zoning (see, CPLR 103 [c]; Kasper v Town of Brookhaven, 122 AD2d 200, 201). The plaintiff failed to demonstrate that the defendant's approval of her application for a zoning change would not have resulted in impermissible spot zoning (see, Dauerheim, Inc. v Town Bd., 33 NY2d 468, 473-474; Taylor v Incorporated Vil. of Head of Harbor, 104 AD2d 642, 645, lv denied 64 NY2d 609), that the present zoning ordinance deprived her of a reasonable return on her property under any permissible use (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 501), or that the defendant's action in denying her

application was the result of discrimination *(see, Megin Realty Corp. v Baron,* 46 NY2d 891, 893). Therefore, we do not disturb the action taken by the defendant.

The court erred in disposing of this action without declaring the rights of the parties *(see, Lanza v Wagner,* 11 NY2d 317, 322, *appeal dismissed* 371 US 74, *cert denied* 371 US 901; *Alleva v Alleva Dairy,* 129 AD2d 663). Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.