■ Joseph Donovan et al., Appellants, v Town Board of the Town of Oyster Bay, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Oyster Bay, dated July 29, 1986, which denied the petitioners' application for a change of zone, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered March 10, 1987, which converted the proceeding into a declaratory judgment action and declared that the Town Board validly denied the petitioners' application.

Ordered that the judgment is affirmed, without costs or disbursements.

The Town Board's denial of the petitioners' application for a change of zone was a legislative action *(see, Matter of Napolitano v Town Bd.,* 128 AD2d 536; *Kasper v Town of Brookhaven,* 122 AD2d 200; *Matter of Amerada Hess Corp. v Lefkowitz,* 82 AD2d 882, *lv dismissed* 55 NY2d 603, 799) which must be upheld if it bears a substantial relationship to public health, safety, welfare or morals *(see, Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61, *rearg denied* 47 NY2d 1012; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 92 AD2d 267, *affd* 60 NY2d 492; *Curtiss-Wright Corp. v Town of E. Hampton,* 82 AD2d 551). The record contains evidence which demonstrates that to permit the proposed use at the subject location would set a precedent since the only office use which has been permitted in the immediate area is by resident practitioners. The Town Board's aim to keep the area residential in character is reasonably related to the public welfare *(see,* Town Law § 263) and its determination must therefore be upheld. We note that, contrary to the petitioners' assertions, the Nassau County Planning Commission's recommendation and findings in this matter were properly rendered and taken under advisement by

the Town Board since the proposed zone change would affect property located within 500 feet of a State road *(see,* General Municipal Law § 239-m). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.