THEODORE H. SHELDON et al., Appellants, v TOWN OF HIGH-
LANDS, Respondent, et al., Respondents.

Second Department, June 20, 1988

## APPEARANCES OF COUNSEL

*Samuel W. Eager, Jr.,* for appellants.

*Myron I. Mandel* for respondent.

### OPINION OF THE COURT

MOLLEN, P. J.

■ The primary issue presented by this appeal is whether Laws of 1983 (ch 755), which was enacted by the New York State Legislature in response to a request by the Town of Highlands (hereinafter the town) pursuant to NY Constitution, article IX, § 2 (b) (2) and Municipal Home Rule Law § 40, comports with the dictates of due process of law under the Federal (US Const 14th Amend) and New York State (NY Const, art I, § 6) Constitutions. The challenged legislation altered the boundaries of an established sewer improvement area within the town so as to add certain properties to the improvement area and thereby subject these properties to subsequent assessments by the town for the expenses of the sewer improvements. The owners of the affected properties, which included the petitioners, were not provided with notice of or an opportunity to be heard prior to the enactment of the subject legislation. We conclude that the challenged legislation contravenes the affected property owners' rights to due process of law and accordingly declare that legislation to be unconstitutional and the assessments imposed thereunder to be invalid.

The facts herein are essentially undisputed. In August 1981, the Town Board of the respondent town adopted a resolution pursuant to Town Law § 209-q which established the Fort Montgomery Sewer Improvement Area and provided for the construction of a sanitary sewer system. This resolution was duly approved by the Comptroller of the State of New York. Thereafter, by 1983 it became clear to the Town Board that at the time it established the sewer improvement area, the boundary lines of the improvement area crossed lots rather than following lot lines. As a result, only a portion of some lots were included within the improvement area, thereby

creating a situation in which only a portion of certain parcels could be assessed the benefit charges, even though the whole parcel of land would reap the benefits of the sewer improvements. Town Law § 209-q (4), under which the improvement area was established, contains a mechanism to change the boundaries of an established improvement area. That subdivision provides, however, that in the event a Town Board determines, *inter alia,* that any property which is not included within a sewer improvement area is benefited by a sewer improvement and that therefore the boundaries of the benefited area should be changed, the Town Board shall call a further public hearing not less than 15 nor more than 25 days after the previous Town Board hearing which established the sewer improvement area in order to change its boundaries. Since, in the case at bar, a period of approximately two years had elapsed after the previous Town Board hearing pertaining to the establishment of the improvement area, the statutory mechanism pursuant to Town Law § 209-q (4) was not available to the town.

In view of this situation, the town submitted a request to the New York State Legislature for a "special" or "home rule" law pursuant to NY Constitution, article IX, § 2 (b) (2) and Muncipal Home Rule Law § 40, to alter the boundaries of the Fort Montgomery Sewer Improvement Area so as to include the whole of the real property lots which were determined to have received a benefit from the sewer improvements. In response, the Legislature enacted Laws of 1983 (ch 755), effective July 27, 1983, which changed the boundaries of the sewer improvement area in accordance with the town's request. This legislation had the effect, *inter alia,* of adding to the subject sewer improvement area certain parcels of property owned by the petitioners.

In May 1985 the Town Board, after holding a public hearing, voted to increase the monetary amount necessary to complete construction of the Fort Montgomery Sewer Improvement Area. In accordance with Town Law § 209-q (5), the town applied for and obtained the New York State Comptroller's approval for the increase by order dated July 16, 1985. On November 12, 1985, the town adopted a resolution increasing the maximum amount to be expended, and, within 10 days, the order increasing the amount was recorded in the Orange County Clerk's office. In November 1985 after a public hearing, the town, in accordance with the Town Law § 209-q (8) and (9), adopted the necessary resolutions to apportion the

cost of the benefit to all the properties within the improvement area.

By notice of petition and petition dated December 5, 1985, the petitioners instituted this proceeding pursuant to CPLR article 78 against the town seeking to invalidate the proposed sewer improvement assessment against their property on the basis that the town acted in excess of its jurisdiction and in an arbitrary and capricious manner in imposing the assessments. The petitioners argued that the procedure followed by the town in altering the boundaries of the Fort Montgomery Sewer Improvement Area was improper since it was not in accordance with Town Law § 209-q (5) and they were not provided with an opportunity to be heard when the boundaries were changed. The petitioners also argued that the imposed assessments were unfair, disproportionate and illegal.

The town thereafter moved to dismiss the proceeding on the grounds that (1) the court lacked subject matter jurisdiction, and (2) the petition failed to state a claim upon which relief could be granted. The town asserted, in the first instance, that the boundaries of the subject sewer improvement area were fixed by the Legislature and, thus, the court was without jurisdiction to change the boundaries. The town further maintained that the petitioners' bald allegations that the assessments against their property for the sewer improvements were unfair and disproportionate, were insufficient to raise an issue of fact.

By order entered April 3, 1986, the Supreme Court, Orange County (Isseks, J.), granted the motion of the town dismissing the proceeding with leave to the petitioners to replead. The court stated, *inter alia:* "It is clear that the proceeding herein is one to challenge not only the excessiveness of the rates which were imposed, but also to challenge the jurisdiction of the constitutionality of the acts, both of the town and the State Legislature. Since the acts of the State Legislature were not alleged in the original papers, the Court will allow the petitioner[s] to replead the proceeding * * * The Court notes that an attack on a legislative act establishing a special assessment, as the case herein, would probably be brought in the form of a declaratory judgment action".

Thereafter, the petitioners served an amended petition pursuant to CPLR article 78 again challenging the constitutionality and validity of Laws of 1983 (ch 755), and the assessments levied against their property by the town. The town again

moved to dismiss the amended petition for lack of subject matter jurisdiction and failure to state a cause of action. The town argued that owing to the petitioners' failure to join the State as a party to this proceeding, the court was without jurisdiction to rule on the petitioners' challenge to the constitutionality of an act of the Legislature. Similarly, the town contended that the petitioners' challenge to the validity of the assessments on their property, as a matter of law, did not raise an issue of fact.

By order and judgment dated September 19, 1986, the Supreme Court, Orange County (Isseks, J.), granted the town's motion to dismiss the proceeding for failure to state a cause of action. The court stated,

"The petition states no factual basis upon which the determination of November 12, 1985 could be vacated. It presents conclusions that the assessments are unfair and illegal and [not] appropriate to the benefit received.

"In addition, it states no factual basis on which this Court could declare Chapter 755 of the laws of the State of New York of 1983 unconstitutional".

This appeal ensued.

■ Preliminarily, we note that the Supreme Court's determination that this proceeding challenges the constitutionality of a legislative enactment, and as such, was not reviewable in a proceeding brought pursuant to CPLR article 78, was correct *(see, Press v County of Monroe,* 50 NY2d 695; *Matter of Nassau Shores Civic Assn. v Colby,* 118 AD2d 782, *mot to dismiss appeal granted* 68 NY2d 808). However, the court erred in declining to convert the proceeding pursuant to CPLR 103 (c) into a declaratory judgment action *(see, Matter of Nassau Shores Civic Assn. v Colby, supra).* Thus, the proceeding is hereby converted to a declaratory judgment action with the amended petition deemed the complaint. Additionally, the record reflects that the Attorney-General was given prior notification of the petitioners' challenge to the subject legislation as required by Executive Law § 71 and CPLR 1012 *(see, Matter of McGee v Korman,* 70 NY2d 225). The Attorney-General has represented that his office will not participate in the instant action.

■ Turning to the merits, we agree with the petitioners' contention that the procedure utilized by the town in altering the boundaries of the subject improvement area was unconstitutional since the petitioners were not provided with notice

and an opportunity to be heard prior to the enactment of Laws of 1983 (ch 755). At the outset, we note that Town Law § 209-q which governs, *inter alia,* the establishment and/or alteration of a sewer improvement area, specifically mandates that a public hearing be held by the Town Board prior to the adoption of a resolution establishing and/or altering an improvement area *(see,* Town Law § 209-q [3], [4]). As discussed *supra,* the town was unable to utilize the procedures set forth in Town Law § 209-q to alter the boundaries of the subject improvement area because the statutory time limitation set forth in Town Law § 209-q (4) had expired.

NY Constitution, article IX, § 2 vests the State Legislature with certain powers to act in relation to the property and the affairs of local governments. Section 2 (b) (2) provides, *inter alia,* as follows:

"(b) Subject to the bill of rights of local governments and other applicable provisions of this constitution, the legislature * * *

"(2) Shall have the power to act in relation to the property, affairs or government of any local government only by general law, or by special law only (a) on request of two-thirds of the total membership of its legislative body or on request of its chief executive officer concurred in by a majority of such membership".

Similarly, Municipal Home Rule Law § 40 provides, in pertinent part: "The elective or appointive chief executive officer, if there be one, or otherwise the chairman of the board of supervisors, in the case of a county, the mayor in the case of a city or village or the supervisor in the case of a town with the concurrence of the legislative body of such local government, or the legislative body by a vote of two-thirds of its total voting power without the approval of such officer, may request the legislature to pass a specific bill relating to the property, affairs or government of such local government * * * In adopting such a request the legislative body shall be governed by the provisions of subdivision one of section twenty of this chapter with regard to the adoption of a local law. The validity of an act passed by the legislature in accordance with such a request shall not be subject to review by the courts on the ground that the necessity alleged in the request did not exist or was not properly established by the facts recited". Further, Municipal Home Rule Law § 20 (1) provides, *inter alia:* "No local law shall be passed except by at least the

majority affirmative vote of the total voting power of the legislative body".

Pursuant to the aforesaid constitutional and statutory provisions, the town duly requested the State Legislature to enact a "special" or "home rule" law to revise the boundaries of the subject sewer improvement area. However, at no time prior to the submission of the request for the enactment of Laws of 1983 (ch 755) were the petitioners, or similarly situated property owners, given notice or an opportunity to be heard with respect to the subject legislative enactment. We conclude that that result contravened the affected property owners' rights to due process of law guaranteed to them under the Federal (US Const 14th Amend) and State (NY Const, art I, § 6) Constitutions.

Our conclusion is supported by the holding in *Stuart v Palmer* (74 NY 183) which involved a challenge to a law (L 1869, ch 217, § 4) enacted by the State Legislature which imposed an assessment of expenses for regulating and grading of roads upon property owners in " 'the town of New Lots, Kings County' " *(Stuart v Palmer, supra,* at 185). The challenged legislation did not require that notice be given to or a hearing provided for the owners of the assessed properties. The Court of Appeals declared the challenged legislation unconstitutional on the basis that it deprived the affected property owners of their rights to due process of law. Judge Robert Earl, writing for the unanimous court, stated, in pertinent part:

"I am of opinion that the Constitution sanctions no law imposing such an assessment, without a notice to, and a hearing or an opportunity of a hearing by the owners of the property to be assessed. It is not enough that the owners may by chance have notice, or that they may as a matter of favor have a hearing. The law must require notice to them, and give them the right to a hearing and an opportunity to be heard. It matters not, upon the question of the constitutionality of such a law, that the assessment has, in fact, been fairly apportioned. The constitutional validity of law is to be tested, not by what has been done under it, but by what may, by its authority, be done. The Legislature may prescribe the kind of notice and the mode in which it shall be given, but it cannot dispense with all notice * * *

"It must be conceded that property cannot be taken by the right of eminent domain, without some notice to the owner, or

some opportunity on the part of the owner, at some stage of the proceeding, to be heard, as to the compensation to be awarded him. An act of the Legislature, arbitrarily taking property for the public good, and fixing the compensation to be paid could not be upheld. There would in such case be the absence of that 'due process of law' which both the Federal and State Constitutions guarantee to every citizen. Can it be, that when the public takes land for a public highway, the owners thereof are entitled to a hearing as to the compensation which they are to receive, and yet that the lands on both sides of the highway may be assessed to pay such compensation to their entire value, without any opportunity on the part of the owners to be heard?" *(Stuart v Palmer, supra,* at 188, 190).

Clearly, the aforesaid reasoning is equally applicable to the case at bar. The town's position that *Stuart v Palmer (supra)* has no relevance herein since it was decided in 1878, approximately 85 years prior to the adoption of the home rule provisions of the NY Constitution, article IX, § 2 (b) (2) and Municipal Home Rule Law § 40, is without merit. Neither the constitutional provision nor the statute can be interpreted as giving the State Legislature the power to dispense with due process of law in exercising its authority under those provisions. In order to ensure that the petitioners and similarly situated property owners are not deprived of their constitutional rights to due process, the Town Board, prior to voting on the request to the State Legislature for the passage of a "special" or "home rule" law to alter the boundaries of the sewer improvement area, should conduct a public hearing, upon notice, to provide the affected property owners with an opportunity to be heard on the request.

In view of the above, we conclude that the relief requested herein should be granted, Laws of 1983 (ch 755) declared unconstitutional, and the assessments imposed thereunder declared invalid. In reaching this conclusion, we do not pass on the merits of the petitioners' claim that they had been assessed an unfair and disproportionate amount of the cost of the subject sewer improvements.

BROWN, RUBIN and SPATT, JJ., concur.

Motion by the appellants for reargument of an appeal from (1) an order of the Supreme Court, Orange County, entered April 3, 1986, and (2) an order and judgment (one paper), of the same court, dated September 19, 1986, which were decided

by decision and order of this court dated December 7, 1987 *(see, Sheldon v Town of Highlands,* 135 AD2d 527).

Ordered that the motion is granted, and, upon reargument, this court's decision and order dated December 7, 1987, is recalled and vacated, and an opinion and order are substituted therefor.

Ordered that the appeal from the order entered April 3, 1986, is dismissed, as it was superseded by the order and judgment, dated September 19, 1986; and it is further,

Ordered that the order and judgment dated September 19, 1986, is reversed, on the law, the proceeding is converted into an action for a declaratory judgment *(see,* CPLR 103 [c]), with the amended petition deemed the complaint, and it is declared that Laws of 1983 (ch 755) is unconstitutional and that the assessments imposed pursuant thereto are invalid; and it is further,

Ordered that the petitioner is awarded one bill of costs.