■ THEODORE H. SHELDON et al., Appellants, v TOWN OF HIGHLANDS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to prohibit the respondent Town of Highlands from imposing an assessment on the petitioners' property for a sewer improvement, the petitioners appeal from (1) an order of the Supreme Court, Orange County (Isseks, J.), entered April 3, 1986, which granted the cross motion of the Town of Highlands to dismiss the proceeding with leave to replead, and (2) an order and judgment (one paper), of the same court, dated September 19, 1986, which dismissed the petition for failure to state a cause of action. By opinion and order of this court dated June 20, 1988, the appeal from the order entered April 3, 1986, was dismissed as superseded by the order and judgment dated September 19, 1986, the order and judgment dated September 19, 1986, was reversed, on the law, the proceeding converted into an action for declaratory judgment *(see,* CPLR 103 [c]), with the amended petition deemed the complaint, and Laws of 1983 (ch 755) was declared unconstitutional and the assessments imposed pursuant thereto were declared invalid *(Sheldon v Town of Highlands,* 138 AD2d 86). By opinion and order of the Court of Appeals, both dated March 28, 1989, the opinion and order of this court dated June 20, 1988, was reversed, Laws of 1983 (ch 755) was declared constitutional, and the matter was remitted here for consideration of the other issues raised by the petitioners *(Sheldon v Town of Highlands,* 73 NY2d 304).

Upon consideration of the issues not reached by us in the opinion and order dated June 20, 1988, it is,

Ordered that the appeal from the order entered April 3, 1986, is dismissed, as it was superseded by the order and judgment dated September 19, 1986; and it is further,

Ordered that the order and judgment dated September 19, 1986, is affirmed; and it is further,

Ordered that the respondent Town of Highlands is awarded one bill of costs.

In August 1981 the Town Board of the Town of Highlands (hereinafter the town) adopted a resolution establishing the Fort Montgomery Sewer Improvement Area for the purpose of constructing a sanitary sewer system within its boundaries. Thereafter, in 1983 it became clear to the town that at the time it established the sewer improvement area, the boundary lines crossed lots rather than following lot lines. As a result, only a portion of certain lots were included within the sewer improvement area creating a situation in which only a portion of certain properties could be assessed the benefit charges, although the whole parcel of land reaped the benefit of the sewer improvement. Town Law § 209-q (4), under which the improvement area was established, contains a mechanism to change the boundaries of the sewer improvement area. However, that subdivision contains a time limitation within which such mechanism can be used and, because approximately two years had elapsed since the establishment of the improvement area, that statutory mechanism was unavailable to the town. As a result, the town requested that the New York State Legislature change the boundaries of the improvement area and, on July 27, 1983, Laws of 1983 (ch 755) went into effect. This provision affected certain properties within the improvement area including property belonging to the petitioners.

Thereafter, by resolution dated May 29, 1985, the town decided to increase the maximum amount to be expended for the improvement area. In accordance with Town Law § 209-q (5), the town applied for and obtained the New York State Comptroller's approval for the increase. On November 12, 1985, the town adopted a resolution increasing the maximum amount to be expended, and, within 10 days, the order encompassing that resolution was recorded in the Orange County Clerk's office. In November 1985 the town, in accordance with Town Law § 209-q (8) and (9) adopted the necessary resolutions to apportion the cost of the benefit on all the properties within the improvement area.

In December 1985 the petitioners commenced the instant proceeding pursuant to CPLR article 78 to invalidate the assessment alleging that (1) a portion of their property had been added to the assessment area in violation of applicable law, (2) in increasing the amount to be expended for the

project, the town did not comply with applicable law, and (3) they had been assessed a disproportionate amount of the cost of the sewer improvement by the town.

By order entered April 3, 1986, the Supreme Court dismissed the proceeding, noting that the petitioners challenged not only the excessiveness of the rates imposed, but also the constitutionality of the acts of the town as well as the New York State Legislature. Since the proceeding was not pleaded in proper form, the court gave the petitioners leave to replead. Thereafter, the petitioners served an amended petition and in the order and judgment dated September 19, 1986, the proceeding was dismissed for failure to state a cause of action.

The petitioners appealed to this court, which concluded that the Supreme Court was correct in determining that the proceeding challenged the constitutionality of a legislative enactment which was not reviewable in a proceeding brought pursuant to CPLR article 78 *(see, Sheldon v Town of Highlands,* 138 AD2d 86, 90, *supra).* This court further concluded, however, that the court erred in declining, pursuant to CPLR 103 (c), to convert the proceeding into a declaratory judgment action. Thus, the proceeding was converted into a declaratory judgment action with the amended petition deemed the complaint and Laws of 1983 (ch 755) was declared unconstitutional *(see, Sheldon v Town of Highlands, supra).* In view of that disposition, we did not pass on the other issues raised.

Thereafter, the Court of Appeals reversed the opinion and order of this court, declared the legislation to be constitutional, and remitted the matter here for consideration of the issues not previously reached *(see, Sheldon v Town of Highlands,* 73 NY2d 304, *supra).* We now address those issues.

The petitioners claim that the town did not follow the procedure required for increasing the maximum amount to be expended for the improvement area because the town did not record the resolution adopted on May 29, 1985, in the Orange County Clerk's office. We disagree.

Town Law § 209-q (5) and (6) sets forth the procedure for increasing the maximum amount to be expended for a sewer improvement. Town Law § 209-q (5) provides, in pertinent part: "At any time prior to the completion of a sewer, drainage or water improvement, the maximum amount proposed to be expended for such sewer, drainage or water improvement, as stated in the notice of public hearing pursuant to subdivision three or four hereof, may be increased by an order of the town board provided that the town board shall, after a public

hearing held in the manner prescribed in subdivision three hereof, determine that it is in the public interest to authorize the increase in such maximum amount. If it is proposed or required that the town shall finance the increase in the maximum amount proposed to be expended for the sewer, drainage or water improvement by the issuance of bonds, notes, certificates or other evidences of indebtedness and the total estimated expense of such improvement including the increase in the maximum amount shall exceed one-tenth of one per centum of the full valuation of the taxable real property in the area of the town outside of villages, *the town board may not make an order pursuant to this subdivision unless the comptroller of the state of New York shall have made,* subsequent to the public hearing required by this subdivision, *an order approving the increase at such maximum amount* as stated in the notice of hearing required by this subdivision" (emphasis added). Town Law § 209-q (6) (d), in pertinent part, directs the recording of any resolution or order adopted pursuant to subdivision (5) "within ten days after the adoption of such resolution, or within ten days of the receipt of notification of the approval of the state comptroller".

The resolution dated May 29, 1985, among other things, determined that it was in the public interest to authorize the increase in the maximum amount to be expended and directed the Town Board to make an application to the New York State Comptroller for his approval. That application was made and approved by the New York State Comptroller in an order dated July 16, 1985, and on November 12, 1985, an order increasing the maximum amount to be expended was adopted by the town. That order was recorded in the Orange County Clerk's office on November 20, 1985, within 10 days of its adoption. While the petitioners contend that the resolution dated May 29, 1985, should have been recorded in the Orange County Clerk's office pursuant to Town Law § 209-q (6) within 10 days of its adoption, a close reading of the statute indicates to the contrary. The resolution or order required to be recorded under subdivision (6) is the resolution or order which actually adopts the increase pursuant to Town Law § 209-q (5), in this case, the order dated November 12, 1985. The actual effect of the May 29, 1985, resolution was simply to authorize an application to the Comptroller for his approval and, contrary to the petitioners' contentions, that resolution did not have to be recorded pursuant to subdivision (6).

The petitioners maintain that they should not have been assessed a portion of the benefit charge for the improvement

area because their property has no access to the sewer line and is not contiguous thereto. This claim is also without merit. The courts have held that where a Town Board has determined that all property owners within an improvement area are benefited by an improvement, even though certain owners may not be serviced by the area's facilities, all real property must be assessed for the cost of the improvement (see, People ex rel. Zerega v Markvart, 230 App Div 767; Matter of Koston v Town of Newburgh, 59 Misc 2d 540; 30 Opns St Comp, 1974, at 56). Moreover, in making that determination, a town is entitled to take into account the general benefit received and whether the improvement in general enhances the value of the property. The burden of disproving that the value of the property has been enhanced is a heavy one and is borne by the property owner (see, Matter of DWS N. Y. Holdings v County of Dutchess, 110 AD2d 837; Matter of Scarsdale Chateaux RTN v Steyer, 53 AD2d 672, affd 41 NY2d 1043). In this case, the petitioners have failed to satisfy this burden. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.