■ In the Matter of Joseph P. Rodriques et al., Appellants, v Arthur M. McCluskey, as Supervisor of the Town of LaGrange, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of LaGrange, which denied the petitioners' application for a zoning change, the petitioners appeal from an order of the Supreme Court, Dutchess County (King, J.), entered August 23, 1988, which dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The petitioners seek review of the denial of their application to rezone property. Such review, however, cannot be had in a CPLR article 78 proceeding because the denial of rezoning is a legislative action (see, Kasper v Town of Brookhaven, 122 AD2d 200; Matter of Belviso v Noto, 119 AD2d 820). The appropriate vehicle for such review is an action for a declaratory judgment (see, Kasper v Town of Brookhaven, supra; Matter of Belviso. v Noto, supra). Town Law §§ 264 and 265 impose no duty on a town to act on each and every application for a zoning change (see, Matter of Society of N. Y. Hosp. v Del Vecchio, 123 AD2d 384, 387, affd 70 NY2d 634). Dismissal of this proceeding was therefore proper. Furthermore, the court did not improvidently exercise its discretion in declining to convert the proceeding to an action for a declaratory judgment pursuant to CPLR 103 (c) since the allegations in the petition were insufficient to make out a valid cause of action (see, Matter of Belviso v Noto, supra). Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.