■ In the Matter of BENDERSON DEVELOPMENT COMPANY, INC., Respondent, v FRANK E. SWIATEK et al., Constituting the Town Board of the Town of Cheektowaga, Appellants.—Judgment unanimously reversed on the law without costs, determination reinstated and petition dismissed, in accordance with the following memorandum: Pursuant to CPLR 103 (c), we convert this CPLR article 78 proceeding to an action for a declaratory judgment, reverse the judgment of Supreme Court which annulled respondent's determination denying petitioner's request to rezone its property and its request for a special permit, and reinstate that determination.

Petitioner, the owner of a 30.23-acre parcel of vacant land zoned "M2-General Manufacturing" located in the Town of Cheektowaga, applied for a change of zoning of the parcel from its M2-General Manufacturing District classification ("M2") to a CM-General Commercial District classification ("CM"), and for a special permit to allow it to build a 162-unit mobile home park on the vacant parcel. Respondent denied both applications. Petitioner argues that a change of zoning was not required in order to build the proposed mobile home park, but that it made the application for rezoning only at respondent's insistence. We disagree. The Zoning Ordinance of the Town of Cheektowaga (ordinance) provides that "[a]ny use permitted" in a "CM"-zoned district, including a mobile home park upon the issuance of a special permit, is permitted in an "M2"-zoned district with the limitation that "residential uses" are completely prohibited in an "M2"-zoned district. The ordinance was amended, effective December 18, 1989 and while this appeal was pending, to specifically include mobile homes within the definition of "residential uses" prohibited in districts zoned "M2". We note that as a general rule a zoning ordinance as it exists at the time a decision is rendered on appeal is controlling absent evidence of bad faith or undue delay on the part of the municipality (see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre, 99

AD2d 754, *affd* 64 NY2d 921). Here, regardless of whether we apply the ordinance as it presently exists or as it existed prior to the enactment of the December 18, 1989 amendment, a change of zoning was required to enable petitioner to use its property for a mobile home park. Use of land for a mobile home park, in our view, constitutes a "residential use" *(see, e.g., Janas v Town Bd.,* 51 AD2d 473, 479; *Jackson & Perkins Co. v Martin,* 16 AD2d 1, 6, *revd on other grounds* 12 NY2d 1082; *Town of Gardiner v Stanley Orchards,* 105 Misc 2d 460, 466-467). Since the proposed use is a "residential use" prohibited on petitioner's property as presently zoned, a zoning change was required.

Respondent's denial of petitioner's application for a zoning change was a legislative action *(see, Donovan v Town Bd.,* 137 AD2d 652, *lv denied* 72 NY2d 804) and therefore review of respondent's determination cannot be had in a proceeding pursuant to CPLR article 78 *(see, Kasper v Town of Brookhaven,* 122 AD2d 200). The appropriate vehicle for such review is an action for a declaratory judgment and, accordingly, we convert the petition to an action for such relief pursuant to CPLR 103 (c) *(see, Kasper v Town of Brookhaven, supra,* at 200-201). Respondent's denial of petitioner's application for a change of zoning must be upheld "if it bears a substantial relationship to public health, safety, welfare or morals" *(Donovan v Town Bd., supra,* at 652; *see also, Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61, *rearg denied* 47 NY2d 1012). We conclude that the record establishes that respondent's refusal to permit a mobile home park to be built in this "M2" district was reasonably related to the public welfare, health and safety.

In view of our determination, it is unnecessary to consider the propriety of respondent's denial of petitioner's application for a special permit. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—art 78.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.