■ In the Matter of FRANK J. LITZ et al., Appellants, v TOWN BOARD OF GUILDERLAND, Respondent. [602 NYS2d 966] — Cardona, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered October 8, 1992 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent denying petitioners' application to rezone certain parcels of land.

Petitioners are the owners of two adjacent parcels of unde-

---

veloped land (one 16.7 acres, the other 8 acres) in the Town of Guilderland, Albany County. Prior to May 7, 1991, petitioners' parcels were zoned R-15, a residential zoning configuration requiring a minimum of 15,000 square feet per building lot. At a Town meeting held on May 7, 1991, respondent, following receipt of the April 1990 report of the Town's "Lot Size Committee" (hereinafter the Committee),[1] adopted a resolution effecting the rezoning of all undeveloped land in the Town. One of the recommendations of the Committee followed by respondent was the rezoning of all parcels located in an area west of State Route 146 (Carman Road) and north of U.S. Route 20 (Western Avenue), an area encompassing the Watervliet Reservoir watershed, to a residential configuration requiring a minimum of 40,000 square feet per lot i.e., one acre. Petitioners' properties, which are located within the Carman Road/Western Avenue area, were rezoned to R-40; however, not all parcels situated within that area were similarly rezoned. Following the recommendation of the Committee, respondent excepted from the rezone those parcels of undeveloped land owned by persons who had been voluntary participants in the "Jean Place Drainage Project" (hereinafter the Project)[2] situated within the Carman Road/Western Avenue area. Although all of petitioners' 16.7-acre parcel and approximately 10% of their 8-acre parcel are located within the area of the Project, their parcels did not receive the benefit of the exception because petitioners were not participants in the Project on May 7, 1991. Petitioners did not appear at that May 7, 1991 Town meeting nor did they protest the rezoning of their property at that time.

On or about April 29, 1992, petitioners filed two applications with respondent for a change of zoning for both parcels seeking to have them rezoned to R-15. Public hearings were held on June 2, 1992 before respondent and adjourned to June 9, 1992. After all public comment was taken on June 9, 1992, motions were made and passed to close the hearings on petitioners' applications. Thereafter, motions were made to

1. An ad hoc committee composed of citizens and business people previously commissioned to study the need for increasing minimum lot sizes in the Town as a result of increasing demands on the Town's highways, water, sewer and school systems.

2. The Project had previously been undertaken by respondent to correct certain storm water drainage conditions in the general area of the Carman Road/Lydius Street intersection. Certain infrastructure improvements had been made and each owner voluntarily participating in the Project agreed to pay the Town a per lot assessment of $1,450. The assessments would be utilized to pay the bonding on the infrastructure improvements.

deny petitioners' applications, but those motions were not seconded and therefore they failed. The zoning applications remained open. On or about June 15, 1992, one of the petitioners wrote to the Town Supervisor and requested determinations on the applications. The applications were voted upon at the regularly scheduled Town Board meeting on July 14, 1992 and each was denied. Following receipt of respondent's determination, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action to, *inter alia,* annul respondent's determination and/or declare that respondent's determination was illegal and unconstitutional. Finding that respondent's actions were legally proper, Supreme Court dismissed the petition.

On appeal, petitioners essentially argue (1) that the determinations are defective because petitioners did not receive notice of respondent's July 14, 1992 meeting, (2) that the determinations are defective because respondent gave no reasons why the applications were denied, (3) that the determinations unconstitutionally discriminate against petitioners, and (4) that the rezoning of petitioners' parcels was not done in accordance with a comprehensive plan, and therefore respondent's refusal to rezone petitioners' parcels was "arbitrary and capricious".

Petitioners were not entitled to specific or personal notice of the July 14, 1992 meeting because it was not a public hearing but rather a regularly scheduled meeting. A review of the minutes of that meeting confirms that there was no public discussion of petitioners' applications. The public hearings, and therefore all public comment on petitioners' applications for rezoning, were closed by motion duly passed on June 9, 1992. All that arguably remained was a vote on the matter and petitioners were not entitled to be heard further *(see, Matter of Bowers v Aron,* 142 AD2d 32).

Zoning is a legislative function *(see, Asian Ams. for Equality v Koch,* 72 NY2d 121, 131). Therefore, when considering an application to change zoning, a town board is acting in its legislative capacity and there is no requirement—statutory or otherwise—that the legislative body state its reasons for denying the application *(see generally,* Municipal Home Rule Law § 20).

A denial of an application for rezoning must be upheld if it is nondiscriminatory *(see, Matter of Wolfe v Town Bd.,* 133 AD2d 636) or the denial bears a substantial relationship to public health, safety, welfare or morals *(see, Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61; *Matter of*

*Benderson Dev. Co. v Swiatek,* 162 AD2d 1023). The record does contain evidence that the denial was in part premised upon respondent's concern with the amount of traffic that would be generated by increasing petitioners' property density from R-40 to R-15 because that traffic would have to utilize small subdivision streets in an existing residential neighborhood. Traffic control on residential streets is reasonably related to public safety and welfare *(see,* Town Law § 263).

The thrust of petitioners' discrimination claim is that by denying their applications to rezone, respondent has singled out their properties from those in the Project area for a different zoning limitation *(see, Megin Realty Corp. v Baron,* 46 NY2d 891, 893). Evidence in the record clearly shows that petitioners' properties did not receive the benefit of the exemption extended to all but one of the other parcels in the Project area[3] because petitioners were not participants in the Project at the time of the original rezoning. Petitioners argue that they were never given an opportunity to participate in the Project. Respondent urges us to reject petitioners' discrimination claim because it relates back to the original rezoning of petitioners' properties, which petitioners never challenged. There is, however, insufficient proof in the record before us to demonstrate that petitioners waived their right to assert a discrimination claim based upon the original rezoning, nor is this action time barred.[4] Furthermore, the focus of a court's inquiry on a discrimination claim is the propriety of the treatment of the subject property as compared to neighboring properties *(see, Udell v Haas,* 21 NY2d 463, 476). In this case such an inquiry necessarily involves an examination into how property owners within the Project area came to participate in the Project prior to the original rezoning. Proof beyond a reasonable doubt that petitioners were not given the same opportunity as other property owners situated within the Project area to participate in the project prior to the original rezoning, coupled with a showing that there was nothing to differentiate their parcels from the others in the Project area granted the exemption, would be sufficient to overcome the strong presumption of constitutionality which zoning amend-

3. The fact that one other small property owner did not receive the exemption is not sufficient in our view to defeat petitioners' discrimination claim.

4. The six-year limitations period set forth in CPLR 213 (1) applies to a declaratory judgment action challenging zoning action by a legislative body *(see, Matter of Williamsville Southeast Amherst Homeowners Assn. v Sharpe,* 77 AD2d 812).

ments enjoy *(see, Asian Ams. for Equality v Koch, supra,* at 131). If, on the other hand, respondent proves that prior to the original rezoning petitioners refused to participate in the Project, then it may be found that they waived the right to receive the benefit of the exemption which they now seek, and their discrimination claim would fail. These issues must be resolved before a declaration of rights can be made. Therefore, we remit this matter to Supreme Court for a determination of these issues and a declaration of the parties' rights *(see, American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 273).

Petitioners' argument that the rezoning of their parcels was not done in accordance with a comprehensive plan has not been preserved for appellate review and will not be considered, because it was not raised in Supreme Court *(see, Matter of Gates,* 120 AD2d 890, 891; *Matter of Quick & Reilly [Davidson],* 103 AD2d 958; *Pinelli v De Paula Chevrolet,* 101 AD2d 643).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.