■ MAYFLOWER ASSOCIATES, Appellant, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [641 NYS2d 139] —In an action, *inter alia*, for a judgment declaring that a zoning ordinance of the defendant Town of North Hempstead is unconstitutional, illegal, and void as applied, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Yachnin, J.), entered April 7, 1994, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for leave to amend the complaint.

Ordered that the order and judgment is modified by adding thereto a provision declaring that the zoning ordinance of the defendant Town of North Hempstead is constitutional; as so modified, the order and judgment is affirmed, with costs.

There is no merit to the plaintiff's contention that the defendant Town of North Hempstead (hereinafter the Town) improperly denied the plaintiff's application to rezone the subject premises from a parking district to a business district (*see generally, Matter of Wolfe v Town Bd.*, 133 AD2d 636). Furthermore, the Supreme Court did not err in denying the plaintiff's motion for leave to amend its complaint to assert causes of action relating to the Town's subsequent resolution rezoning the premises from a parking district to a residential district. While leave to amend a pleading should be freely given, leave should be denied where there is no merit to the new causes of action to be asserted (*see, Village Bank v Wild Oaks Holding*, 196 AD2d 812; *Nasuf Constr. Corp. v State of New York*, 185 AD2d 305). The plaintiff did not show that the rezoning of the premises from a parking district to a residential district constituted a "taking" of the property (*see, de St. Aubin v Flacke*, 68 NY2d 66).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the Town rather than dismissal of the complaint (*see, Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.