In the Matter of STANLEY ZIONTS et al., Respondents, v TOWN OF AMHERST, Appellant. [769 NYS2d 814]—

Appeal from a judgment of Supreme Court, Erie County (Cosgrove, J.), entered November 14, 2002, which granted the CPLR article 78 petition, annulled the determination of the Town of Amherst Town Board and ordered the Town of Amherst Town Board to rezone certain real property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent, Town of Amherst (Town), appeals from a judgment granting the CPLR article 78 petition, annulling the determination of the Town of Amherst Town

Board (Board) to deny petitioners' rezoning application and ordering the Board to rezone petitioners' property. Petitioners are owners of property in the Town and in August 2001, they applied to the Board for rezoning of the property from agricultural to residential. The Board denied the application, and petitioners commenced this proceeding pursuant to CPLR article 78 to review that determination. In annulling the Board's determination, Supreme Court determined that the denial of petitioners' application was arbitrary and capricious. We reverse.

Initially, we note that the denial of an application to have property rezoned is a legislative action (*see Matter of Benderson Dev. Co. v Swiatek*, 162 AD2d 1023, 1024 [1990]; *Matter of Rodriques v McCluskey*, 156 AD2d 369 [1989]) and, therefore, the proper vehicle for review of that determination is an action for a declaratory judgment, not a CPLR article 78 proceeding (*see Benderson Dev. Co.*, 162 AD2d at 1023; *Matter of Wolfe v Town Bd. of Town of Islip*, 133 AD2d 636 [1987]; *Kasper v Town of Brookhaven*, 122 AD2d 200 [1986]; *cf. Home Bldrs. Assn. of Cent. N.Y. v Town of Onondaga*, 267 AD2d 973, 974 [1999]). We therefore dismiss the petition.

Even assuming, arguendo, that this action was properly before us, we would nevertheless reverse. We note, however, that a reversal would not have been as the result of an obvious mistake in the wherefore clause of the petition, which was properly disregarded (*see* CPLR 2001). The remainder of the petition, as well as all of the other documents in the record, clearly indicate the rezoning designation sought by petitioners.

When considering a rezoning application, a municipality is not required to state its reasons for denying the application (*see Litz v Town Bd. of Guilderland*, 197 AD2d 825, 827 [1993]). The determination denying an application to rezone must be upheld if it "bears a substantial relationship to public health, safety, welfare or morals" (*id.*; *see Benderson Dev. Co.*, 162 AD2d at 1024). We conclude that the record contains evidence that the denial of petitioners' application was, at least in part, reasonably related to public welfare, health and safety (*see Litz*, 197 AD2d at 827-828). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.